[Crim. No. 2030. Second Appellate District, Division Two.—January 8, 1931.]

THE PEOPLE, Respondent, v. ELBERT L. CHEANEY, Appellant.

Joseph Rosenthal for Appellant.

U. S. Webb, Attorney-General, and Ralph O. Marron, Deputy Attorney-General, for Respondent.

CRAIG, J.—At about 9 o'clock at night on June 12, 1927, the occupants of an automobile were accosted by a highwayman on the public streets of the city of Los Angeles, who deprived them of a watch, a diamond ring, about $10 in money, and their car. About three years thereafter the appellant was apprehended and charged by information with the theft of the watch and the ring, of which a jury found him guilty. He has appealed from the judgment and from an order denying a motion for a new trial.

It appears that on the evening mentioned a lady and her escort were sitting in a black Auburn sedan in front of her residence on St. Andrews Place, in said city, when a man appeared, pointed a revolver at them, and demanded that they "drive on"; that he entered the rear seat, menacing them with the weapon, ejected them from the car, and drove away. The automobile, watch and ring were

recovered, and the jewelry was identified by the owners during the trial. They testified that their assailant was of medium height, wore a light overcoat, Panama hat, and had a mustache, but were unable to swear that the defendant was the same person. A Mrs. Mae Dye, who testified that she had known the defendant for a period of about three years, received the ring, which consisted of three large diamonds and several small ones, from one Henderson, pawned it in the city of Pomona, and thereafter accompanied one Hatfield to the pawnshop where the latter purchased the same, and he subsequently delivered it to the officers. Henderson testified that on the evening of the robbery he was riding with the defendant in the vicinity of St. Andrews Place, and that Cheaney was armed; that appellant had previously stated that he was going "out and hold somebody up", and that as they neared St. Andrews Place he called the witness' attention to an automobile standing to the rear, and alighted, stating that he was going back to the car''; that in about twenty minutes he returned with a black machine, which he parked, entered his own car with Henderson, and directed him to proceed; that when Cheaney returned he wore a false mustache, had in his possession a fur coat and the ring above described, remarking that he had taken them together with a watch from the occupants of the other machine, but that he had lost the watch. This witness also testified that Cheaney gave him the ring; that he left it at Pomona for sale, and later, accompanied by Mrs. Dye, he went again to that city where he withdrew the ring and delivered it to her prior to its hypothecation by the latter as heretofore observed. She corroborated this last statement. A physician, Dr. William R. McDaniels, admitted that appellant or someone who accompanied him to the witness' office deposited the watch with him as security for appellant's indebtedness to him for professional services, and that he, the witness, delivered the same to an officer. The doctor at about the same time also received a fur coat from the same source for a like purpose.

The grounds of appeal consist of an asserted insufficiency of the evidence to support the judgment, and that the three-year statutory period of limitation had expired between the date of the alleged offense and the filing of the information. Although the trial court permitted

the interposition of a demurrer at the close of the People's evidence upon this latter ground, and a motion for a directed verdict of acquittal was then upon both grounds, conceding for the purposes of this decision only that the demurrer was presented in time, we think the ruling of the trial court in that behalf was not error. While the information was filed about three years and sixty-two days after the commission of the crime, it was pleaded and stipulated that the defendant was absent from and outside the boundaries of the state from July 8, 1928, to October 11, 1928, or a period more than three months. The claim that the statute of limitations had run against the charge is without foundation. (*People* v. *Newell,* 192 Cal. 659 [221 Pac. 622].)

▮ Criticism of the evidence goes principally to its weight and to the lack of proof as to the origin of the coat, as to the defendant's possession of the watch, or of evidence other than the testimony of Henderson, an accomplice, as to Cheaney's presence at the scene of the crime. Witnesses called by the defendant testified to facts and circumstances which if believed by the jury might have led them to view his participation in the offense as an impossibility. But resolving all intendments in favor of the defendant in these respects until the rendition of the verdicts, the commission of the offense, the departure of the defendant from the state, recovery of the jewelry from and through the instrumentality of persons well known to him, together with other circumstantial evidence heretofore recited, of which the jury were cognizant, it does not lie within the province of courts to question their verdicts. All were factors which the jury were bound to consider. There was substantial circumstantial evidence of defendant's participation in the crime even without Henderson's testimony. This may have been deemed as conclusive in its convincing force as testimony of direct witnesses, and sufficient to justify a conviction, excluding any other reasonable theory than that of the guilt of the accused. (*People* v. *Nagy,* 199 Cal. 235 [248 Pac. 906].) ▮ If the jury believed that the property was stolen, and that it was seen in the defendant's possession shortly after being stolen, they were entitled to a satisfactory explanation of its innocent possession in order to remove the effect of possession as a circum-

stance to be considered in connection with such other suspicious facts, if any, as may have been disclosed. (*People* v. *Stennett*, 51 Cal. App. 370 [197 Pac. 372].) ▮ While recent unexplained possession of stolen property, standing alone, does not justify a conviction of larceny, such possession with slight corroboration by other inculpatory circumstances tending to show guilt, is sufficient. (*People* v. *Farrell*, 67 Cal. App. 128 [227 Pac. 210].)

The judgments and orders appealed from are affirmed.

Works, P. J., and Thompson (Ira F.), J., concurred.