[Crim. No. 2502. Second Appellate District, Division Two.—October 22, 1934.]

THE PEOPLE, Respondent, v. CHLOE B. HOWE et al., Defendants; CHARLES O. HASKELL, Appellant.

George D. Higgins for Appellant.

U. S. Webb, Attorney-General, and Warner I. Praul, Deputy Attorney-General, for Respondent.

SCOTT, J., *pro tem.*—Appellant was convicted in counts 1, 3, 5, 7, 9 and 11 of grand theft and in counts 2, 4, 6, 8 and 10 of violation of the Corporate Securities Act, each of the five latter offenses growing out of the same transaction as that referred to in the count of grand theft immediately preceding it. ▓ He contends that the trial court should have dismissed the case under Penal Code, section 1382, because it was continued for trial for a period in excess of sixty days after the finding of the indictment.

Much of the time thus lost was occasioned by the action of appellant in pleading guilty to two counts and thereafter seeking and obtaining permission to withdraw that plea and enter one of not guilty, whereupon the case was again set for trial. The record shows no objection by defendant at the time the continuances were ordered, and his consent is therefore presumed. (*Ray* v. *Superior Court*, 208 Cal. 357 [281 Pac. 391].)

▓ No suggestion is made that the evidence is insufficient to support the conviction on the counts of grand theft,

but it is urged that the evidence is lacking to sustain conviction under the Corporate Securities Act. An examination of the transcript shows ample support for the verdicts. No authorities are cited to support appellant's contention in this regard.

Complaint is made of alleged misconduct of the trial court, which consisted chiefly of an effort to confine defendant to answering the questions put to him while being examined as a witness. No objections were interposed at the time, and appellant has not suggested in what way the conduct of the court prejudiced him.

Likewise, the alleged misconduct of the district attorney passed without objection, and consisted chiefly in verbal surplusage which was in no way prejudicial to appellant.

An application for probation was summarily denied by the court. This was permissible under Penal Code, section 1203. (*People* v. *Martin,* 114 Cal. App. 337 [300 Pac. 108], and *People* v. *Judson,* 128 Cal. App. 768 [18 Pac. (2d) 379].)

The judgment is affirmed.

Stephens, P. J., and Desmond, J., concurred.