[Crim. No. 2003.   First Appellate District, Division One.—December 30, 1937.]

In the Matter of the Application of RAYMOND BASHAM et al., for a Writ of Habeas Corpus.

Flavil L. Basham and Raymond Basham, *in pro. per.*, for Petitioners.

THE COURT.—Petitioners were accused jointly by information filed in the superior court of the crime of robbery. They were represented by counsel, and upon arraignment each entered a plea of guilty. The court found it was robbery in the first degree, and petitioners were sentenced to imprisonment in the state prison. They now apply for a writ of *habeas corpus,* alleging in substance that they were not legally committed by a magistrate on the particular charge of robbery set forth in the information, and to which they pleaded guilty.

It is well settled, however, that one convicted upon an information is precluded in a proceeding in *habeas corpus* from raising the objection that he was not examined or held to answer by a magistrate prior to the filing of such information; that the filing of an information gives the superior court jurisdiction to proceed in the case, and that section 995 of the Penal Code provides the exclusive method of trying the question of whether the information is founded on the necessary preliminary examination, which is by way of motion to set aside the information. (*Ex parte McConnell,* 83 Cal. 558 [23 Pac. 1119]; 13 Cal. Jur. 228.) Admittedly in the present case no such motion was made by either petitioner. Moreover, and despite the recital in the magistrate's certificate, it appears from the transcript of the proceedings had before the superior court, and from the statements made therein by counsel for petitioners, who had represented them also at the preliminary examination, that the particular charge of robbery set forth in the information, and to which petitioners entered pleas of guilty, was the same charge of

robbery to which they had pleaded guilty before the committing magistrate.

The application for the writ is denied.