[Crim. No. 3115.   Second Appellate District, Division Two.—June 29, 1938.]

THE PEOPLE, Respondent, v. CHARLES DUTTON, Appellant.

Ben L. Blue for Appellant.

U. S. Webb, Attorney-General, and Frank Richards, Deputy Attorney-General, for Respondent.

CRAIL, P. J.—This is an appeal from an order after judgment denying defendant's motion to set aside his plea of "guilty" to one count of an information charging him with issuing a check without sufficient funds. The information also charged the defendant with a prior conviction of a felony in the state of Wisconsin to which the defendant admitted having served a term of imprisonment in a state prison, but denied that it was a felony. He was thereupon sentenced to the California state prison at Folsom for the term prescribed by law, and the court ordered the judgment to show that the defendant had been pardoned by the governor of the state of Wisconsin as to the offense set forth in the prior conviction. An appeal was taken from this conviction and the conviction was affirmed. (*People* v. *Dutton,* 9 Cal. (2d) 505 [71 Pac. (2d) 218].) Upon the return of the *remittitur* the defendant filed with the court a motion to set aside his plea of "guilty" to count one of the information on the ground that he was and is not guilty of said offense as shown by the evidence taken at the preliminary examination which is set forth in said motion, and requested that a new and different plea be entered, to wit, a plea of "not guilty". The motion was denied, and from said order this appeal is taken.

The appellant contends (1) that the evidence given at the preliminary hearing shows that he is not guilty of the offense charged, and therefore the judgment is void for lack of jurisdiction, and (2) that defendant's plea of "guilty" was obtained through excusable mistake in that he honestly believed he was entitled to receive probation for the reason that he had been pardoned on a prior conviction set forth in the information.

■ Evidence taken at a preliminary examination may not be used for the purpose of attacking the validity of a judgment founded upon an information for the reason that the judgment is predicated upon a plea or verdict of "guilty", or a verdict against the defendant on a plea of former conviction or acquittal or once in jeopardy. (Sec. 1191, Pen. Code.)

■ If the evidence given at the preliminary examination is insufficient to hold a defendant to answer for the crime charged in the information, his remedy is by *habeas corpus,*

if timely made (*People* v. *Creeks*, 170 Cal. 368, 371 [149 Pac. 821]), otherwise he is precluded from raising it. (14 Cal. Jur. 78; 7 Cal. Jur. 968.)

Appellant next contends that his plea of ''guilty'' was upon an excusable mistake in that he believed he was entitled to receive probation because he had been pardoned on the offense set forth in the information as a prior conviction and that no decision had ever been rendered by an appellate court in this state determining that although a defendant has been pardoned he nevertheless has suffered a prior conviction within the meaning of sections 1168 and 1203 of the Penal Code. (*People* v. *Dutton, supra.*) It must be borne in mind, however, that the court before which came appellant's motion to set aside the plea was the same court before which would have come the appellant's motion for probation, and it is a fair presumption that since the court denied the appellant's motion to set aside his plea it would also have denied the appellant's motion for probation upon the ground of the appellant's former conviction. There is a vast difference between being eligible to apply for probation and being entitled to it. There is nothing in the record which shows that the appellant was offered any inducement or promise to enter a plea of ''guilty'', but only that he was told by his counsel that he was told by some unknown member of the district attorney's office, and that he believed, that if he entered such a plea and did not put the state of California to any expense in bringing witnesses from New York that these facts would be viewed favorably by the court in its consideration of the disposition of the case. There is no violation of the court's discretion shown.

Order affirmed.

Wood, J., and McComb, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 29, 1938.