[Crim. No. 1740. Third Appellate District.—December 5, 1940.]

THE PEOPLE, Respondent, v. J. A. COWEN, Appellant.

Blaine McGowan for Appellant.

Earl Warren, Attorney-General, and J. Q. Brown, Deputy Attorney-General, for Respondent.

TUTTLE, J.—Defendant was found guilty by a jury upon four counts of an indictment, each charging him with the crime of forgery. He now appeals from the judgment of conviction and order denying motion for new trial.

Defendant had, for a number of years, held the office of supervisor of Humboldt County. As such officer he was, from time to time, called upon to approve claims against the county for work and materials furnished the county under his direction, as provided in section 4076 of the Political Code. Under the provisions of said section the claimant was obliged to sign and file the following affidavit:

"The undersigned, being duly sworn, says: That the above claim and the items as therein set out are true and correct; that no part thereof has been heretofore paid, and that the amount therein is justly due this claimant, and that the same is presented within one year after the last item thereof has accrued."

Each count of the indictment involved one of said claims, and the record shows that they were paid by the County.

No attack is made upon the sufficiency of the evidence. The proof of guilt is so overwhelming that such contention could not seriously be advanced. The four claims set forth in the indictment, all based upon labor performed, were introduced in evidence. The first purported to be that of Bill Thompson. It was for $88, and that name appeared as the affiant. It purported to be assigned to Messerle & Waldorf, grocers, who cashed it for defendant. The same observation applies to

the other three claims, except for the difference in names and amounts. The second purported to be the claim of W. C. Butler, and the amount was $44. The third bore the name of W. C. Butler, and the amount was $44. The fourth purported to be the claim of W. Dart, and the amount was $64. All of said claims were presented to the auditor by the assignee, and thereafter warrants were cashed by them.

*William Thompson* testified that he did not sign the claim which bore his name, and that he was not in Humboldt County when the work described in said claim was performed. It was proven that *W. C. Butler* died on October 24, 1937, many months prior to the dates of the claims which purported to be signed by him—February 25, *1938,* and October 14, *1938.* *W. Dart* testified that the signatures on the claim which bore his name were not his own, and that he had done no work for Humboldt County since *1930.*

A handwriting expert testified that the names of the said purported claimants, both as affiants and as assignors, were in the handwriting of defendant. He was also shown a number of other claims which had been cashed by the county. He testified that the signatures of the purported claimants were all in the handwriting of defendant. Defendant denied that he forged any of the said signatures, but testified that the signature ''J. A. Cowen'' which appeared on each claim over the designation ''Supervisor and ex-officio Road Commissioner'' was in his own handwriting. Such claims were admitted in evidence.

It is first contended that the trial court erred in refusing to set aside the indictment, upon the ground that only the names of three witnesses were endorsed on the same, when in fact there were a number of other witnesses who appeared before the grand jury, and whose names were not so endorsed. Such a contention might have some weight if it were made prior to 1927, when the omission was made a ground for setting aside an indictment. In that year section 995 of the Penal Code was amended by omitting entirely therefrom the following ground:

''When it appears by the testimony of the foreman or secretary of the grand jury that the names of the witnesses examined before the grand jury, or whose depositions may have been read before them, are not inserted at the foot of the indictment, or indorsed thereon.''

The point is without merit.

■ It is next contended that a transcript of the testimony of all witnesses who testified before the grand jury was not delivered to him within ten days after the filing of the indictment. (Pen. Code, sec. 925.) Only the transcript of the testimony of witnesses Dick, Thompson and Dart were so delivered. It is also provided in said section that if the transcript is not so delivered, the court shall continue the trial. At the commencement of the trial, defendant's counsel moved for a continuance upon the ground that such transcript had not been so served. The court denied the motion, but ordered the transcript served forthwith. It was handed to defendant's counsel on the second day of the trial, which lasted ten days thereafter. While we are of the opinion that the court erred in refusing to continue the trial, we can find no prejudice resulting from the ruling.

■ It is next urged by appellant that there was a failure to prove the *corpus delicti*. From the foregoing summary of the evidence, it is obvious that the facts forming the basis of the several counts of forgery were proven, together with the existence of a criminal agency. (8 Cal. Jur., p. 165, sec. 247.) The contention is without merit.

Error is predicated upon the refusal of the court to give a number of instructions. We find that the jury were fully and fairly instructed, and that the trial court properly rejected said instructions.

■ Evidence of the other forged claims, not included in the indictment, was properly received to prove a general scheme or design to defraud the county. (8 Cal. Jur., p. 69, sec. 173.)

We find no error which has resulted in a miscarriage of justice. (Const., art. VI, sec. 4½.)

The judgment is affirmed, and also the order denying motion for new trial.

Pullen, P. J., and Thompson, J., concurred.