[Crim. No. 1097. Fourth Dist. Jan. 21, 1957.]

THE PEOPLE, Respondent, v. ANTHONY THOMAS LANCELLOTTI, Appellant.

Edward L. Bracklow for Appellant.

Edmund G. Brown, Attorney General, William E. James and Bonnie Lee Hansen, Deputy Attorneys General, for Respondent.

GRIFFIN, J.—Defendant and appellant was originally charged in a criminal complaint with grand theft in violation of Penal Code, sections 484 and 487, in that on March 16, 1956, he feloniously took personal property of Jordan Marsh Company, consisting of a pastel mink stole valued at $235. He was arraigned on the charge in the municipal court. Evidence was received and the committing magistrate held the defendant to answer on the charge of receiving stolen property as defined by section 496 of the Penal Code.

The information was filed in the superior court on May 9, 1956, charging defendant in count one with grand theft, as originally charged in the complaint. In count two he was charged with feloniously receiving the same property for for which he was held to answer. In a third count it was charged that on March 16, 1956, he violated section 496 of the Penal Code by feloniously receiving stolen property, to wit, one dark grey plaid suit and one blue suit, the personal property of Walker Scott Corporation.

A motion was made before a judge other than this trial judge to dismiss the information and particularly count three, on the basis that there was no evidence before the committing magistrate to substantiate the charges. The motion was denied. Subsequently, a writ of prohibition under section 999a of the Penal Code alleging defendant was committed without reasonable or probable cause, was denied by this court on June 6, 1956, and this order became final. Just before the trial, counsel for defendant again raised the same question by a similar motion, and after considerable discussion, it was denied. On this appeal defendant again questions this ruling as well as the former ruling. After receipt of the prosecution's evidence defendant moved for an advised verdict or for dismissal of each count. The motion was denied.

A trial by jury resulted in a conviction on the first and third counts. Subsequently, the trial court dismissed the second count. Defendant was sentenced to state's prison, sentences to run concurrently.

On March 16, 1956, the Gardena police officers received a telephone call from one of their informers that two men, one resembling this defendant, were attempting to sell some clothing at a certain club in that city. They went there and saw

defendant and his partner, Pastore. One Thompson, manager of the club, had purchased from defendant two suits of clothes and two pairs of slacks for $80 in cash. Defendant denied such a sale and he was searched. A set of car keys was found. Defendant stated he had no car since he left it at home and the keys were then returned to him. Shortly thereafter, the officers found these same keys, partially exposed but hidden in a sand-filled ash tray. Search was made on an adjoining lot and a Buick car was found. The keys fitted it. Defendant was taken to the car and several boxes of clothing, a hanger labeled "Dutch Smith" and a mink stole were found in the trunk. After questioning, defendant changed his story and said he had acquired these articles in a trade with another unknown peddler near Los Angeles. He later changed the place and indicated it was Long Beach. The trousers and slacks purchased by the manager were found in a club locker in a separate bundle. Defendant then admitted to the officers he had brought these articles into the club and had been in San Diego the week before, but later, when he was told of the thefts in San Diego that particular week he changed his story and claimed it was the week before that he was in San Diego.

The manager of the Jordan Marsh Company sufficiently identified the mink stole marked Number 515 as being one of two found missing from his store in La Jolla on March 16, 1956. He also identified two pairs of new uncuffed pants which bore the label "Macgregor" in them, a brand carried by his store, and also the tan slacks with the label "Kentkraft," which articles were exclusively handled by this store in that area. (The next closest store was Eugene, Oregon.) He testified that his store carried trousers of the description of those found in defendant's car; that they carried the label "Jordan Marsh" written on them and that at that time he could not tell whether these particular slacks and pants were stolen or were sold from his store, but it was unlikely that they were sold because it was an unusual thing to sell a pair of uncuffed pants.

Another witness, Smith, testified he was in business in La Jolla under the name of "Dutch Smith." He testified that a certain camel's hair jacket, size 40, found in defendant's car on a hanger labeled "Dutch Smith, La Jolla, California" was one which he had received in a shipment to his store on March 15, and which he found to be missing.

A buyer for Walker Scott Company testified that on March

he went to Gardena and identified certain items found there, including a new grey pin-striped suit with uncuffed pants, carrying the Walker Scott label on it; that at that time his store carried suits of that make, model, style and size; that it is a rare occasion when uncuffed pants like those are sold in that condition. Another blue suit was similarly identified. He testified he did not know of his own knowledge that these exact pants were stolen from his store but they carried the store's label and it would be an unusual occasion to sell uncuffed pants from his store.

The prosecution offered testimony of a store detective from Bullock's indicating that on August 11, 1953, defendant and one other person were caught shoplifting and carrying a large paper bag and were removing a coat from that store. The court properly refused the proffered evidence. (8 Cal.Jur. p. 58, § 167.)

Defendant testified he was a peddler who purchased merchandise at wholesale and sold it at retail from his car; that although he was in San Diego one or two weeks before March 16th, he did not know where the Jordan Marsh, Walker Scott, or Dutch Smith stores were located, and that he had not been inside those stores; that he acquired all these articles described from an unknown peddler by trade in Gardena; that each told the other he had acquired the respective articles through a mistake in the order from the house with which they did business and did not want to take them back. The defendant said this was just sales talk, and if he could steal from his employer "so can I", because he had a license to steal because he had a peddler's license; and that he did not believe the "stuff" was stolen although he did see the Walker Scott store label on some of the articles.

On this appeal from the judgment of conviction he first contends that the trial court erred in denying his motion to dismiss counts one and three of the information because the evidence taken at the preliminary examination did not show reasonable or probable cause to justify the district attorney filing an information on the offenses charged; that since defendant was originally charged with grand theft of the mink stole and he was held to answer on the charge of receiving stolen property, the district attorney was unauthorized to again charge grand theft, and that the evidence taken at the preliminary examination did not support the charge of receiving stolen property set forth in the third count since the two suits alleged therein were not received in evidence at

the preliminary examination but were returned to the district attorney for disposition after being marked only for identification, and that the several charges were not shown to be so connected in their commission as to be chargeable in separate counts in one information.

We see no merit to this argument. The committing magistrate heard the testimony of the witnesses pertaining to the charge in the third count and they properly identified the exhibits which were marked for identification, although they were not received in evidence. That testimony was not stricken and remained in the transcript. The district attorney was authorized to include this offense in the information. (Pen. Code, § 739.) The charge of grand theft was not expressly dismissed as was done in *Parks* v. *Superior Court,* 38 Cal.2d 609 [241 P.2d 521], upon which case defendant relies. The evidence was sufficient to allow the district attorney to not only charge defendant with receiving stolen property, but, in the alternative, to charge him with grand theft of the same property. (*People* v. *Bird,* 212 Cal. 632 [300 P. 23] ; *Bompensiero* v. *Superior Court,* 44 Cal.2d 178, 183 [281 P.2d 250].) Defendant was found in possession of all of the property charged in the information in the same place and it was adequately shown that all of the charges were sufficiently related or connected with the transaction which was the basis for the committing order and the charges alleged and would authorize their inclusion in one information. (Pen. Code, § 739; *Parks* v. *Superior Court, supra*; *People* v. *Bird,* 212 Cal. 632 [300 P. 23], and cases cited.) ▊ Irrespective of this conclusion, defendant presented the question of the sufficiency of the evidence to show probable cause for the commission of the crimes charged to the superior court on a motion to dismiss the information. It was fully considered and denied. It was again presented on a writ of prohibition to this court under section 999a of the Penal Code and denied. This judgment became final and the question should not again be made subject to review on an appeal from the order denying the new trial or from the judgment of conviction. (*People* v. *Dutton,* 27 Cal.App.2d 364 [80 P.2d 1003] ; 14 Cal.Jur. 78, § 60; 7 Cal.Jur. p. 968, § 107; 8 Cal.Jur. p. 492, § 508.) The trial court had jurisdiction to try the defendant upon the charges set forth in the information. (*In re Basham,* 24 Cal. App.2d 285, 286 [74 P.2d 781].)

The next claim is that the evidence is insufficient to support defendant's convictions on counts one and three. It suffi-

ciently shows that the mink stole in evidence was taken from the Jordan Marsh Company store without consent on the date charged. It is true there is no direct evidence that anyone saw this defendant take it. This is not a necessity. (*People* v. *Alexander,* 92 Cal.App.2d 230, 234 [206 P.2d 657].) ▮ While mere possession of stolen property and an opportunity to steal it is not alone sufficient to justify a conviction for theft, such opportunity, with coexisting inculpatory circumstances such as guilty conduct and giving false account of possession of stolen property soon thereafter may be sufficient to sustain a conviction for theft. Although the additional connecting evidence may be slight, if it exists, the decision of the jury will not be disturbed on appeal. (*People* v. *Crotty,* 70 Cal.App. 515, 518 [233 P. 395]; *People* v. *Cheaney,* 111 Cal.App. 55, 59 [295 P. 84]; *People* v. *Holland,* 82 Cal.App.2d 310, 312 [186 P.2d 58]; *People* v. *Howard,* 58 Cal.App. 340, 343 [208 P. 1022]; *People* v. *Scott,* 66 Cal. App. 200, 203 [225 P. 767]; *People* v. *Carroll,* 79 Cal.App. 2d 146, 148 [179 P.2d 75]; *People* v. *Kross,* 112 Cal.App.2d 602, 609 [247 P.2d 44]; *People* v. *Viets,* 79 Cal.App. 576, 589 [250 P. 588]; *People* v. *Smith,* 43 Cal.App.2d 110, 115 [110 P.2d 472].)

As to the third count, defendant was found in possession of the property there charged. It was sufficiently identified as coming from the Walker Scott store. When defendant was arrested he was with one who seemed to know about the possession of these articles and assisted, to some extent, in their disposition. ▮ The illegitimate source from which these suits were claimed to have been obtained, the inadequate price paid for the loot, and the unexplained or improbable explanation of defendant's possession of them, were facts to be considered by the jury. Under the conditions described, it may well be inferred that this store had been the owner of this property and it was taken from the store other than by legitimate sale and without the consent of the owner, by someone, and later received by defendant in San Diego County knowing it to have been stolen.

▮ It is next claimed that the trial judge was guilty of prejudicial misconduct during the trial in that he unduly cross-examined the defendant, and by such cross-examination indicated his belief that the defendant was not telling the truth. After defendant testified, the trial judge proceeded to cross-examine him in some detail respecting his direct testimony. At the conclusion of this cross-examination counsel

for defendant made some ineffective objections to this procedure as follows:

"If the court please, I, for the purpose of the record, wish to make an objection to the questions that the Court has just asked and his responses thereto. I presume it is going to be overruled of course."

The prosecution then completed the cross-examination of defendant. Without quoting the many pages of this cross-examination by the court, suffice it to say that it was quite apparent from the testimony of the defendant that he was evasive in his answers, inclined to quibble, his answers were ambiguous, nonresponsive, and it was quite apparent to the trial judge that he was not telling the whole truth. ▆ While the better practice would have been to allow full cross-examination of witnesses by respective counsel before cross-examination by the judge, it has been repeatedly held that if a judge desires to be further informed on certain points mentioned in the testimony it is entirely proper for him to ask proper questions for the purpose of developing all the facts in regard to them. Considerable latitude is allowed the judge in this respect as long as a fair trial is indicated both to the accused and to the People. Courts are established to discover where lies the truth when issues are contested, and the final responsibility to see that justice is done rests with the judge. ▆ No timely objections were interposed to the cross-examination. The jury was specifically instructed that it was the sole and exclusive judge of the credibility of the witnesses and the weight of the evidence notwithstanding any belief entertained or comments made by the trial judge on the subject. Under the circumstances no prejudicial error affirmatively appears. (*People* v. *Miller*, 41 Cal.App.2d 252, 258 [106 P.2d 239]; *People* v. *Corrigan* *(Cal.App.) 305 P.2d 926; *People* v. *Golsh*, 63 Cal.App. 609, 614 [219 P. 456]; *People* v. *Miller*, 112 Cal.App. 535, 537 [297 P. 40]; *People* v. *Hill*, 116 Cal.App.2d 212 [255 P.2d 54]; *People* v. *Howe*, 1 Cal. App.2d 518 [36 P.2d 820].)

Counsel for defendant sets forth considerable reported argument between the trial judge and counsel on the hearing of defendant's motion for new trial. The trial judge, at that time, quite forcefully told counsel for defendant he did not believe the testimony of the defendant, and the jury had the

---

*A hearing was granted by the Supreme Court on November 16, 1956. The final opinion of that court is reported in 48 Cal.2d 551 [310 P.2d 953].

right to the same thought. He proceeded to review the testimony and concluded that the evidence was sufficient to warrant the conviction on each count as charged. Criticism was made in reference to the trial judge's cross-examination of the defendant, as indicated. He replied that he was asking the questions for the purpose of exposing, to the jury, what he thought were lies of the defendant. Some unfortunate statements were made at that time by the judge indicating that he thought he had the right to tell the jury that he believed the defendant was guilty and that was what he was trying to do although he did not believe his conduct so indicated. ▆ A judge should not examine a defendant on trial for a crime in such a manner as to give the jury the impression that he thinks the accused is guilty of the charge and should be convicted. It is apparent that such conduct would nullify the right of trial by jury. (*People* v. *Butterfield,* 40 Cal.App.2d 725, 734 [105 P.2d 628].) ▆ As said by this court in *People* v. *Huff,* 134 Cal.App.2d 182 [285 P.2d 17], a judge should be careful not to throw the weight of his judicial position either for or against the defendant.

The record of the testimony before the jurors does not affirmatively show that the trial court believed the defendant guilty, although the questions propounded well indicate that the defendant was falsifying his testimony and the trial judge, as well as the jurors, were justified in so believing. Under article VI, section 19 of the Constitution the court may make such comment on the evidence and the testimony and credibility of any witness as in his opinion is necessary for the proper determination of the case, but it shall inform the jury in all cases that the jurors are the exclusive judges of all questions of fact submitted to them and of the credibility of the witnesses. In the instant case the jury was so instructed. The comments, unfortunately made on the motion for new trial, could not necessarily have been said to have affected the verdict of the jury in any manner. No prejudicial error appears. (Art. VI, § 4½ of the Constitution.)

The remaining question involves an instruction given by the court involving the form of verdicts. According to the reporter's transcript, the court gave an instruction that if the jury entertained a reasonable doubt as to whether or not defendant was guilty of either the offense of grand theft or petit theft, it should find him guilty of grand theft. The reporter, by affidavit, corrected the transcript and said that in truth and fact the jury was not so instructed, that there was

an error in transcription, and the instruction as given, read in the concluding words "*not* guilty of grand theft." Upon the record as thus corrected, under rule 12a, Rules on Appeal, no error appears. The undisputed evidence shows the value of the mink stole exceeded the sum of $200. No prejudicial error resulted in giving an instruction which defendant contends was confusing to the jury but which does not appear so to us. It involved the right of the jury to find the defendant guilty of petit theft, an included offense.

Judgment and order denying a new trial affirmed.

Barnard, P. J., and Mussell, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 22, 1957. Shenk, J., Carter, J., and Schauer, J., were of the opinion that the petition should be granted.