COUGHLIN, J.
 

 Defendant and appellant was indicted, tried by a jury, and convicted of the offenses of grand theft (Pen. Code, § 487, subd. 1), misappropriation of public money (Pen. Code, § 424, subd. 1) and issuing a cheek without sufficient funds. (Pen. Code, §476a.) Motion for a new trial was denied, and sentence to the state prison followed. The defendant appeals from the judgment of conviction, from the sentence to the state prison, and from the order denying his motion for a new trial.
 

 No appeal lies from a sentence and the attempted appeal therefrom is dismissed.
 
 (People
 
 v.
 
 Gallardo,
 
 41 Cal.2d 57, 60 [257 P.2d 29].)
 

 The proceedings under consideration arose out of the defendant’s appropriation of money from a school cafeteria account under his control as superintendent of the Warner Union School District, and the issuance of a check in the sum of $311.13 drawn on a nonexistent bank account to cover a part of the money appropriated.
 

 Criminal proceedings were instituted in the superior court
 
 *550
 
 by the return of a grand jury indictment on June 22, 1959, charging defendant with the offenses heretofore noted. In due course the defendant was presented with what purported to be a copy of the proceedings before the grand jury culminating in the return of this indictment. The defendant contended that this transcript contained only a part of these proceedings; that all of the testimony given before that body with respect to the cause under investigation did not appear therein; and on July 10, 1959, moved the court for an order requiring all testimony adduced before the grand jury concerning defendant and his cause be transcribed, and that he be furnished a copy of such transcription together with photostatic copies of all exhibits introduced before that body. A transcript of the proceedings before the trial court at the time this motion was presented is not a part of the record on appeal. There is no evidence before this court that any exhibits were introduced before the grand jury or, if so, in whose possession they might be, or whether these exhibits were not made available to defendant. On the other hand, it is undisputed that the plaintiff appeared before the grand jury on April 27, 1959, for about two hours, and testified respecting the matters here under consideration, but he does not remember what he said on this occasion. An affidavit to this effect was filed with the trial court. On June 22, 1959, further proceedings were conducted before the grand jury which thereupon rendered the indictment in question. The transcript furnished the court covered only the latter proceedings.
 

 On July 21, 1959, defendant petitioned this court for alternative writs of prohibition and mandamus seeking to restrain the trial court from proceeding in the matter and to require that court to show cause why the defendant should not be permitted “to have prepared the complete proceedings with exhibits that were presented by the District Attorney to the Grand Jury at its first hearing on April 28, 1959.” This petition was denied without opinion.
 

 On July 28, 1959, being the date previously set for trial, the defendant moved for a continuance under section 925 of the Penal Code, upon the ground that he had not been furnished with a complete transcript of the testimony given by him before the grand jury. Section 925 of the Penal Code as then in effect provided that:
 

 “. . . If the copy of the testimony shall not be served as herein provided the court shall on motion of the defendant
 
 *551
 
 continue the trial to such time as may be necessary to secure to the defendant receipt of a copy of such testimony 10 days before such trial.”
 

 Defendant’s motion for a continuance was denied and the case proceeded to trial. Before submission to the jury the defendant renewed his contention in the premises by moving for a mistrial upon the ground that he had not been furnished with a complete transcript as previously requested. This motion also was denied.
 

 It appears that the trial court found that any testimony given by the defendant before the grand jury in April, 1959 was not used for the purpose of returning an indictment against him, and on that basis denied the motions in question.
 

 Defendant and appellant seeks a reversal on the ground that denial of his motions for a full transcript of his testimony before the grand jury constituted prejudicial error.
 

 Respondent contends that the determination of the trial court was proper; that defendant had the burden of proving that the testimony adduced at the April hearing was used as a basis for the indictment subsequently returned by the grand jury; and that there is no such showing; also, that the denial of defendant’s application for writs of prohibition and mandate forecloses further consideration of the matter.
 

 In support of its position that a consideration of the alleged errors by the trial court is foreclosed by the action of this court in denying defendant’s petition for alternative writs of prohibition and mandate, respondent cites
 
 People
 
 v.
 
 Lancellotti,
 
 147 Cal.App.2d 723 [305 P.2d 926], The cited ease is not authority for the contention advanced. It considered and rejected a contention that a judgment of conviction should be reversed because the evidence produced before the committing magistrate was not sufficient to establish probable cause for holding the defendant to answer; related that the issue thus presented theretofore had been passed upon by the trial court in denying a motion to dismiss and by the appellate court in denying a petition for a writ of prohibition ; based its decision upon authorities holding that the question of the sufficiency of such evidence for the purposes indicated should be presented at the time and in the manner prescribed by law; and concluded that the defendant had no right to present such issue on the appeal in question. The ease at bar comes within the general rule that “denial without opinion of an alternative writ adjudges nothing except that, for reason sufficient to the court, the writ should not be
 
 *552
 
 issued; this is true except in rare instances.”
 
 (Confidential, Inc.
 
 v.
 
 Superior Court,
 
 157 Cal.App.2d 75, 78 [320 P.2d 546].)
 

 Such a denial “is not res judicata of the legal issue presented by the application unless the
 
 sole possible
 
 ground of the denial was that the court acted on the merits, or unless it affirmatively appears that such denial was intended to be on the merits.”
 
 (McDonough
 
 v.
 
 Garrison,
 
 68 Cal.App.2d 318, 325 [156 P.2d 983].) There is no indication that the denial in question was intended to be on the merits rather than an exercise of the discretion vested in the court respecting such matters.
 
 (Irvine
 
 v.
 
 Gibson,
 
 19 Cal.2d 14 [118 P.2d 812].) There was no intention to foreclose the defendant from resorting to his remedy on appeal.
 

 Former Pepal Code, section 925, which was in effect at the time of the grand jury proceedings and the motions in question, provided in part as follows:
 

 “The grand jury, whenever criminal causes are being investigated before them, must appoint a competent stenographic reporter to be sworn and to report the testimony that may be given in such causes in shorthand, and to transcribe the same in all cases where an indictment is returned or accusation presented. If an indictment has been found or accusation presented against a defendant, the said reporter shall, within 10 days thereafter . . . certify and file with the county clerk an original transcription of his shorthand notes and as many copies as there are defendants . . . The county clerk . . . shall deliver a copy of said transcript upon each defendant or his attorney. ...”
 

 The foregoing provisions apply to the whole of the investigation made by the grand jury in the instant case. In April, 1959 a criminal cause involving the defendant was being investigated before them. In June, 1959 the same criminal cause again was being investigated before them. Under the code provisions heretofore noted it was the duty of the grand jury to require each of the investigations to be reported by a stenographic reporter. An indictment was returned concerning the criminal cause investigated on these two occasions and, by the plain mandate of the statute, all of the notes of the stenographic reporter should have been transcribed and a copy thereof given to the defendant. Nowhere in the law is it stated that only such testimony given before a grand jury investigating a criminal cause which is used as a basis for the return of the indictment shall be reported and transcribed. To the contrary, the Penal Code
 
 *553
 
 requires the reporter to “report the testimony that may be given in such causes”; there is no limitation on what or whose testimony should be reported; and “in all cases where an indictment is returned” the reporter is required “to transcribe the same”, i.e., the testimony given in such causes ; there is no direction to transcribe any particular part of that testimony.
 

 In the instant case, nothing appearing to the contrary, it must be presumed that the law was obeyed and that the testimony in the April hearing as well as in the June hearing was reported by a stenographic reporter. (Code Civ. Proc., § 1963, subds. 15 and 33.)
 

 A defendant who has been indicted by a grand jury is entitled to have a transcript of the testimony of all witnesses who testified before it during the course of an investigation which culminated in the indictment.
 
 (People
 
 v.
 
 Cowen,
 
 41 Cal.App.2d 824, 827 [107 P.2d 659].) He is not entitled to a transcript of any exhibits presented.
 
 (Stern
 
 v.
 
 Superior Court,
 
 78 Cal.App.2d 9, 13 [177 P.2d 308].) Testimony adduced during the investigation of a criminal cause before such a body although presented on different occasions may be considered in determining the sufficiency thereof to support an indictment returned.
 
 (Stern
 
 v.
 
 Superior Court, supra,
 
 78 Cal.App.2d 9,14 [177 P.2d 308].) The grand jury “is an investigatory and inquisitorial body and takes evidence to determine whether any crimes have been committed which warrant the return of one or more indictments. Any evidence taken in the course of its investigations may be considered by it in determining whether a particular indictment should be found so long as at least twelve grand jurors who heard all of the evidence so considered concur in finding the indictment.”
 
 (Stern
 
 v.
 
 Superior Court, supra,
 
 78 Cal.App.2d 9, 14.) The law imposes upon the grand jury the duty to “find an indictment when
 
 all
 
 the evidence before them, taken together, if unexplained or uneontradicted, would, in its judgment, warrant a conviction by a trial jury.” (Former Pen. Code, § 921; now Pen. Code, § 939.8), and “to weigh
 
 all
 
 the evidence submitted to them, and when they have reason to believe that other evidence within their reach will explain away the charge, they should order such evidence to be produced ...” (Former Pen. Code, § 920; now Pen. Code, § 939.7.) (Emphasis added.) In view of the foregoing state of the law, any evidence produced in the course of an investigation which the
 
 *554
 
 grand jury is permitted or required to consider in returning a verdict must be reported and transcribed and a copy thereof given to the defendant. It is not for the grand jury, its foreman, or any member thereof, or the court to determine what testimony taken in the course of an investigation of a criminal cause was considered in returning an indictment respecting such cause, and direct that such testimony alone should be reported and transcribed.
 

 An interpretation of the Penal Code requiring a transcript of all the testimony given before a grand jury during the course of its investigation of a criminal cause to be furnished an indicted defendant, is in accord with the policy of the law authorizing a pretrial inspection by an accused of a signed confession or admission or transcription of statements made by him, upon a showing of lack of memory of the contents thereof
 
 (Powell
 
 v.
 
 Superior Court,
 
 48 Cal.2d 704, 709 [312 P.2d 698];
 
 McCarthy
 
 v.
 
 Superior Court,
 
 162 Cal.App.2d 755, 759 [328 P.2d 819];
 
 Schindler
 
 v.
 
 Superior Court,
 
 161 Cal.App.2d 513 [327 P.2d 68];
 
 Cordry
 
 v.
 
 Superior Court,
 
 161 Cal.App.2d 267 [326 P.2d 222]); of recordings of his conversation with police officers
 
 (Cash
 
 v.
 
 Superior Court,
 
 53 Cal.2d 72 [346 P.2d 407];
 
 People
 
 v.
 
 Cartier,
 
 51 Cal.2d 590 [335 P.2d 114];
 
 Vance
 
 v.
 
 Superior Covert,
 
 51 Cal.2d 92 [330 P.2d 773]); of similar recordings of conversations between police officers and the victim of an offense
 
 (Vance
 
 v.
 
 Superior Court,
 
 51 Cal.2d 92 [330 P.2d 773]); and of notes made by police officers of statements made by witnesses, together with written statements composed from these notes
 
 (Funk
 
 v.
 
 Superior Court,
 
 52 Cal.2d 423 [340 P.2d 593]).
 

 Respondent directs attention to a distinction between the foregoing cases and the ease at bar in that the evidence which was the subject of disclosure proceedings in the former cases was in possession of law enforcement officers, whereas the evidence under consideration in .this case is in possession of the grand jury. The distinction is not controlling. The statute expressly directs the furnishing of a transcript of the testimony to an indicted defendant. Moreover, the grand jury is a “constituent part or agency of the court”
 
 (McFarland
 
 v.
 
 Superior Court,
 
 88 Cal.App.2d 153, 161 [198 P.2d 318]), and the principles which motivate a court to cause disclosure of evidence in possession of the prosecuting authorities apply with equal force to the disclosure of evidence under its immediate control.
 

 
 *555
 
 We hold that the trial court committed error in denying applicant’s motion to cause a copy of a transcript of the testimony presented to the grand jury in the April, 1959 hearing to be delivered to him.
 

 Such a conclusion, however, does not justify a reversal unless the error was prejudicial. (Cal. Const., art VI, § 4½;
 
 People
 
 v.
 
 Riser,
 
 47 Cal.2d 566 [305 P.2d 1];
 
 People
 
 v.
 
 Cowen,
 
 41 Cal.App.2d 824 [107 P.2d 659].) The burden of establishing the prejudicial nature of an error is upon an appellant.
 
 {People
 
 v.
 
 Britton,
 
 6 Cal.2d 10,13 [56 P.2d 491].) The object of the code provisions requiring delivery to an indicted defendant of a copy of the transcript of the testimony before the grand jury is to enable him to know the testimony upon which the charge is founded and to make his defense.
 
 {People
 
 v.
 
 Roberts,
 
 40 Cal.2d 483, 486 [254 P.2d 501];
 
 People
 
 v.
 
 Beitzel,
 
 207 Cal. 73, 79 [276 P. 1006];
 
 People
 
 v.
 
 Delhantie,
 
 163 Cal. 461, 465 [125 P. 1066].) Appellant has not directed our attention to, nor does the record disclose that any of the statements made by him in the April hearing before the grand jury were introduced into evidence, either as an admission or by way of impeachment, or in anywise referred to during the presentation of the case to the jury. Neither has he pointed out, nor have we been able to determine in what manner he may have been hindered in the presentation of his defense because a transcript of the testimony in question was not given him. He proposes the idea that he must have said something during the April hearing which satisfied the grand jury respecting his innocence because it did not forthwith return an indictment against him and for this reason he should know what was said. This is mere speculation. The fact that the grand jury continued its investigation and returned an indictment is a complete answer. Defendant has not contended that he did not know the particular circumstances of the offenses with which he was charged. The defense presented by him indicates the contrary. A test generally applied in relating the constitutional requirement of prejudice to the particular situation involved has been stated as follows:
 

 “That a ‘miscarriage of justice’ should be declared only when the court, ‘ after an examination of the entire cause, including the evidence,’ is of the ‘opinion’ that it is reasonably probable that a result more favorable to the appealing party would have been reached in the absence of the error.”
 
 {People
 
 v.
 
 Watson,
 
 46 Cal.2d 818, 836 [299 P.2d 243].)
 

 
 *556
 
 We have examined the entire cause, including the evidence, and applying the foregoing test, are of the opinion that the error in question did not result in a miscarriage of justice.
 

 Appellant further contends that the judgment should be reversed because of the trial court’s ruling respecting the production of notes of a prosecution witness. Richard Bradford, an investigator for the district attorney, was called as a witness for the People and during the course of his direct examination testified to a conversation with the defendant in which the latter stated that $311.13 credited to the cafeteria account came from his paycheck. The evidence at the trial indicated that this amount came from the cheek in that sum which the defendant drew upon a nonexistent bank account and for which he was charged with the offense of issuing a check without sufficient funds. The apparent purpose of this testimony was to establish an inconsistent statement by the defendant and went to the issue of fraudulent intent. The defendant denied making such a statement contending that he told Mr. Bradford the sum in question had been paid by a check and not that it had come from his paycheck. During the cross-examination of Mr. Bradford, an objection was made and sustained to a question upon the ground that it called for an inquiry into a matter outside the scope of direct examination. Thereupon, counsel for defendant made Mr. Bradford a witness for the defense. Thereafter, the witness testified that the foregoing conversation occurred during an interview in the district attorney’s office; that a report of this interview had been typewritten
 
 ■
 
 and that he refreshed his memory from this report prior to testifying. In response to a motion by the defendant that this report be produced, the court ordered the report produced when the defendant started his side of the ease. The district attorney advised counsel for the defendant that the report would be turned over to him when he started the defense. Thereupon, the following colloquy ensued:
 

 “The Court: ‘I might say, Mr. O’Laughlin, when those records are turned over to you and if you want to call the witness back you will have to call him as your own witness’.. .
 

 “Mr. O’Laughlin: ‘I would like to reserve the right to reopen my cross-examination if I find it necessary after I look at those records. ’
 

 “The Court: ‘You can make your motion at that time. I am telling you you are going to call him as your own witness. ’ ”
 

 The record does not disclose whether the report was or was
 
 *557
 
 not produced. It must be assumed that the district attorney complied with the order of the court. Thereafter defendant made no further motion or request with respect to the report, for a continuance on account of any information received therefrom, or td recall the witness for cross-examination. Although the defendant was entitled to have the report produced
 
 {People
 
 v.
 
 Chapman,
 
 52 Cal.2d 95 [338 P.2d 428]), as it was not used by Mr. Bradford to refresh his memory while testifying defendant was not entitled to an inspection thereof at that time.
 
 {People
 
 v.
 
 Gallardo,
 
 41 Cal.2d 57, 67 [257 P.2d 29].) The order directing production at the time indicated constituted a valid exercise of the court’s discretion in the premises. The voluntarily expressed attitude of the trial judge respecting the conditions under which the witness might be recalled did not reach any final order; did not affect the presentation of defendant’s case; and does not constitute reversible error.
 

 Although no contention has been made respecting the sufficiency of the evidence to sustain the verdict, we have reviewed the record and find the verdict adequately supported.
 

 The judgment and the order denying motion for a new trial are affirmed.
 

 Griffin, P. J., and Shepard, J., concurred.