[Crim. No. 2306.   Third Dist.   Aug. 23, 1952.]

THE PEOPLE, Respondent, v. VITO GERUNDO, Appellant.

Vito Gerundo, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, Doris H. Maier and Wallace G. Colthurst, Deputy Attorneys General, for Respondent.

ADAMS, P. J.—Defendant was charged with and convicted by a jury of theft of an automobile in violation of section 484 of the Penal Code. He moved for a new trial which was denied, and he has appealed from the judgment rendered and from the order denying a new trial.

Defendant, appearing in pro. per., in an opening brief of 93 pages, assigns 23 points which he urges constitute grounds for reversal: (1) That section 484 of the Penal Code is unconstitutional because it involves "four or more other offenses," etc.; (2) an accusation by information is unconstitutional; (3) the trial court failed to provide *effective* counsel for defendant in violation of the Fourteenth Amendment; (4) the evidence at the preliminary hearing was insufficient to justify holding defendant for trial; (5) defendant was deprived of property without due process of law; (6) if no false pretenses were used in obtaining what he alleges was a contract upon which he secured the right to possession of the automobile, his possession was legal and a defense against a charge of larceny; (7) defendant could not be convicted of larceny by trick and device under the provisions of Penal Code, section 484, which is a special case of obtaining property by false pretenses, unless the pretenses were proven by the testimony of two witnesses, or that of one witness and corroborating circumstances, in accordance with section 1110 of the Penal Code; (8) defendant had the right to possession of the automobile involved and was an owner and therefore could not be convicted of the theft of his own property; (9) where there exists no fiduciary relationship between a claimant and a defendant and there is a *claim* of title in the chattel in the defendant, there can be no conviction of theft under the Penal Code, section 484; (10) the jury reached a verdict against the law and the evidence; (11) larceny by trick and device involves an unlawful violation of possession and cannot be committed where right to possession has been acquired lawfully; (12) the district attorney was guilty of prejudicial misconduct in interfering with defendant's preparation of his case and in making prejudicial statements during the trial; (13) the trial court erred in failing to give an instruction proposed by defendant on obtaining property by false pretenses; (14) the trial court erred in allowing the jury to determine the legal and binding character of a contract which was not an issue in the trial and in which the court had no jurisdiction under Penal Code, section 484; (15) the court erred in permitting parol evidence regarding other

agreements not in the written contract; (16) the court made prejudicial statements before the jury, did not admonish the jury to disregard stricken testimony and interfered with the conduct of defendant's case; (17) (omitted); (18) the court erred in not giving defendant's proposed instruction defining theft and the effect of the owner's consent; (19) the court violated defendant's constitutional privilege by failing to give his proposed instruction No. 5; (20) the court erred in failing to give defendant's proposed instruction No. 14 which he asserts is required by Penal Code, section 1110, as larceny by trick and device is obtaining property by false pretenses; (21) defendant was convicted upon false and perjured testimony and evidence as a result of conspiracy by executive and judicial officers of the state; (22) state officers conspired to prevent the release of defendant on bail and to hinder the preparation of his defense; (23) the court erred in refusing to grant to defendant credit for the time spent in jail prior to sentence, thus violating the Fourteenth Amendment.

Section 484 of the Penal Code provides: "Every person who shall feloniously steal, take, carry, lead, or drive away the personal property of another. or who shall fraudulently appropriate property which has been entrusted to him, or who shall knowingly and designedly, by any false or fraudulent representation or pretense, defraud any other person of . . . personal property, . . . is guilty of theft." It has been held constitutional in numerous cases. See *People* v. *Robinson*, 107 Cal.App. 211, 218 [290 P. 470]; *People* v. *Dunn*, 40 Cal. App.2d 6, 17 [104 P.2d 119]. Also, see *People* v. *Wiezel*, 39 Cal.App.2d 657, 665 [104 P.2d 70]; *People* v. *Ilderton*, 14 Cal.App.2d 647 [58 P.2d 986], where arguments similar to those made to this court were made against section 952 of the Penal Code regarding the manner of charging theft.

As for appellant's second contention that procedure by information is not due process under the Fourteenth Amendment, and article I, section 8, of the California Constitution, the contrary has been established in numerous cases. See *Hurtado* v. *State of California*, 110 U.S. 516 [4 S.Ct. 111, 292, 28 L.Ed. 332]; *People* v. *Raffington*, 98 Cal.App.2d 455 [220 P.2d 967]; *People* v. *Sewell*, 95 Cal.App.2d 850 [214 P.2d 113]; *In re Davis*, 68 Cal.App.2d 798 [158 P.2d 36].

Appellant's argument in support of his third point is that he should have been provided with counsel paid for by the supervisors of Napa County. The record shows that defendant first appeared by an able and experienced Napa attorney

whom he first employed but declined to retain further. The court then furnished him with two other able attorneys, but Gerundo refused to accept them. He sought a writ of mandate in the trial court to compel the board of supervisors to provide funds for counsel, which petition was denied. He thereafter filed a similar petition in this court which was likewise denied. This court has therefore already passed upon point 3.

Regarding the contention that the evidence at his preliminary hearing was insufficient, such record is not before us, so we cannot say whether or not it was sufficient, and must therefore presume that it was.

Regarding the fifth assignment of error, defendant argues, as he does in other connections, that there was a valid existing contract of sale between him and the owners of the automobile which he is alleged to have stolen, and that he therefore had a right to the possession of the car and could not be accused of stealing his own property. There is ample evidence to the contrary. It shows that Smith and Palzis, a corporation in Napa, owned a used car lot. On Monday, April 17, 1950, defendant visited that car lot and stated to the attendant that he wanted to buy a certain Hudson car there exhibited. The salesman gave him a price of $900 and defendant stated that he would buy the car if his wife, in San Francisco, approved; and he requested permission to take the car, promising to return it the following Wednesday. Defendant was referred to the head office of the corporation where he signed an agreement to purchase, which described the car, gave the total price as $939, and provided for a down payment of $339, in cash, the balance to be paid in designated monthly installments. There was written upon this instrument: ''This deal to be completed on wife's Okeh—Wed. A.M. Otherwise this contract void.'' It also contained the provision: ''This contract shall not become binding upon the seller unless and until the same shall have been accepted in writing signed by SMITH & PALZIS, Inc.''

Mr. Smith testified that the foregoing was merely a ''work sheet,'' that a conditional sales contract was to be executed thereafter when the car was returned the following Wednesday and the down payment made. Gerundo took the car but did not return it on Wednesday or at all, never executed a conditional sales contract or made any payment whatsoever; and no communication from him was ever thereafter received

by Smith and Palzis or either of them. There is evidence that Gerundo had the car in his possession for some eight and one-half months and that, after both he and the car had been sought for many months, the car was finally found in Berkeley in front of the place where defendant, under the name of Nathan, had rented a room, and that it then bore the license plates of another car which had been stolen; also there had been an alteration of the motor number, a 3 having been changed to an 8. A Mrs. Bledsoe, who testified that defendant had rented a room in her house, said that she had seen defendant drive the car, and that, after it had been taken away by the police in defendant's absence, defendant asked her what had become of *his* car. He then departed and was not located until he was arrested some days later in Berkeley where he gave his name as Nathan.

Under the foregoing circumstances it is futile for defendant to argue that he was deprived of property without due process. He argues, however, that there was no evidence that he took the car by false pretenses; but this assumes that such was the charge against him and that his possession of the car was pursuant to a valid contract of sale. The charge against defendant was that he ". . . did wilfully, unlawfully and feloniously take the property of DON SMITH and PETER PALZIS, to-wit: a 1946 Hudson automobile then and there of the reasonable value of $900.00 (Nine Hundred Dollars) in violation of section 484 of the Penal Code of the State of California." Furthermore, obtaining property by fraud and false pretenses is only one of the several crimes now included within section 484 and defined as "theft"; and in section 952 of the Penal Code, it is provided that "In charging theft it shall be sufficient to allege that the defendant unlawfully took the labor or property of another"; and as for appellant's argument that there was a valid contract of sale of the car to him, the evidence is to the contrary, to wit, that he took the car purportedly to show to his wife for her determination as to whether it would be purchased, that he was to return the same with her decision the following Wednesday, and that, if he did purchase it, he would make a down payment of $339 and sign a conditional sale contract.

As for appellant's points 7 to 11, inclusive, these are all based upon defendant's erroneous contention that he had a contract of sale and therefore had title to the car, a contention not supported by the evidence.

Regarding the charge of prejudicial misconduct by the

district attorney in not allowing him access to his papers which he says he wanted for the purpose of showing that he "had suffered from a serious nervous breakdown about a year before and was still feeling the effects," appellant deals at some length with his complaint in this connection; but the record shows that during the trial he was given access to all of the papers which were existent, many of which were not even in the possession of the district attorney; and he admitted that he had obtained all the information he needed from them. Nowhere does the record disclose an instance where he was prevented from examining any paper in the hands of the court or the district attorney. All of his requests were complied with. ■ As for the alleged misstatements of the district attorney in his argument to the jury, the defendant failed to object to them or to assign them as misconduct or to request the court to admonish the jury to disregard them. They are, therefore, not reviewable on appeal. (*People* v. *Sampsell*, 34 Cal.2d 757, 763 [214 P.2d 813]; *People* v. *Codina*, 30 Cal.2d 356, 362 [181 P.2d 881].) Furthermore, we do not find that any statements of the district attorney were made in bad faith, were unjustified, or resulted in injury or injustice to appellant.

■ Regarding appellant's 13th assignment of error—the refusal of the trial court to give his proposed instruction No. 7—said instruction dealt with the "crime of obtaining property by false pretenses with intent to defraud," and concluded with the statement: "If you find from the evidence that defendant obtained possession of the automobile in question with the consent of the owner as the result of a contract of sale in which defendant did not make any false representations of a past or present fact, then you must acquit him of the charge and bring in a verdict of not guilty." Appellant argues that the charge against him was obtaining property by false pretenses and that there was no proof of same, and he again asserts that he had a right to possession of the car because of the contract which he signed, and that by refusing the foregoing instruction the court took from the jury the only issue before them, plainly an erroneous assertion. The proposed instruction singled out but one element of the offense with which defendant was charged. In *People* v. *Nor Woods*, 37 Cal.2d 584, 587 [233 P.2d 897], defendant was charged with grand theft. He contended that the information was defective in failing to specify the kind of grand theft with which he was charged; but the court quoted from Penal Code,

section 952, that it was sufficient to allege that the defendant took the property of another, and stated that there was no error in failing to instruct the jury that they must agree upon the method by which the theft was committed; that defendant could be found guilty of theft by one means or another and that it was immaterial whether or not they agreed as to the technical pigeonhole into which the theft fell. On his motion for a new trial in this case defendant urged this point, but the court stated that there was no evidence of false pretenses, wherefore no instruction regarding them was needed.

In point 14 appellant asserts that the trial court allowed the jury to determine the legal and binding character of the writing which defendant signed when he took possession of the car to show to his wife, and in which writing he agreed to return it on the following Wednesday. He asserts that: ''The failure to instruct the jury that the contract by which defendant claimed title to the automobile was a legal and binding instrument in which all property rights except bare title, were in the defendant and that he could not be convicted of 'theft' of his own property and therefore they should acquit the defendant, was a prejudicial action conviction against the defendant, and defendant was thereby denied due process.'' Appellant produced no authority for the somewhat confused argument contained in his brief. ▮ He does not refer to any instruction proposed by him which set forth his theory, and it was proper for the court to submit to the jury the question whether defendant had complied with the terms of the writing signed, which on its face limited his right of possession to the following Wednesday and until he had signed a conditional sales contract and made the down payment of $339, and to determine from the evidence what his intent was in failing to return the car, to pay anything therefor, etc. See *People* v. *Norris,* 99 Cal.App.2d 658, 661 [222 P.2d 283]; *People* v. *Applegate,* 91 Cal.App.2d 163, 175 [204 P.2d 689]; *People* v. *Eiseman,* 78 Cal.App. 223 [248 P. 716]; 15 California Jurisprudence, section 12, pages 907-908.

Appellant's point 15 is that the trial court erred in permitting parol evidence regarding the reaching of other agreements not in the written contract. He does not state what these other agreements were, but apparently attempts to justify his failure to return the car. We find no merit in this point. Whether or not he furnished sufficient excuse was a matter of fact for the jury to determine, which it resolved against him on ample evidence to support its verdict.

In his 16th assignment of error appellant complains that the trial court made prejudicial statements before the jury, did not admonish it to disregard stricken testimony, and interfered with the conduct of defendant's case. He does not point out just when these matters occurred, and we are satisfied from a reading of the record that such general criticisms by appellant are unjustified; that the trial court extended great latitude to defendant and was in all respects fair and even generous to him.

▪ The 18th assignment of error is that the trial court erred in not giving defendant's proposed instruction that theft is the wrongful or fraudulent taking or carrying away of the personal goods of another without a "claim" of right, and concluding with: "If you find from the law and the evidence that the defendant obtained possession of the automobile in question with the consent of the owner or that he had a bona fide claim of right in the said automobile then you must acquit him of the charge by bringing in a verdict of not guilty." No authority is cited by defendant in support of his argument that he could not have been guilty of theft because he asserted a "claim" of right. The court instructed the jury: "When one receives the possession of property lawfully by virtue of the fact that it is entrusted to him, and thereafter he violates his trust and fraudulently converts the property to his own use or to a use not authorized by the owner, his theft is called embezzlement." The law stated in that instruction was set forth in *People* v. *Cannon,* 77 Cal. App.2d 678, 689 [176 P.2d 409].

▪ Point 19 relied upon by appellant is that the court "violated the defendant's constitutional privilege" by failing to give his proposed instruction No. 5. That instruction was long, complicated and argumentative. Without setting it forth here, it suffices to say that we are satisfied that the giving of same would only have tended to confuse the jury, and that its refusal was not error.

Point 20 is that the court erred in failing to give the defendant's proposed instruction embodying Penal Code, section 1110, which requires that "upon a trial for false pretenses" corroboration must be present to justify conviction. Here again appellant adverts to his claim that the charge against him was obtaining property by false pretenses, and he argues that Smith's testimony as to the facts of the case required corroboration; but section 1110 excludes the necessity for corroborative testimony when a writing is signed by

a defendant as is the case here. The section has no application to the facts shown by the record.

■ Point 21 contains a charge that defendant was convicted upon false and perjured testimony as a result of a conspiracy of executive and judicial officers contrary to the Fourteenth Amendment of the United States Constitution. He bases this upon alleged discrepancies in testimony of certain officers. Such discrepancies are not unusual in a trial, and they furnish no basis for a charge of conspiracy among such witnesses or on the part of the prosecution; in fact, they tend to negative such a conspiracy. No authority is cited by appellant to support this contention. ■ Discrepancies were for the jury's consideration and are not for an appellate court.

■ Point 22 contains a charge that there was a conspiracy by state officers to prevent his release on bail and to hinder the preparation of his defense. The release of defendant on bail was a matter resting in the discretion of the trial court and it has nothing to do with the defendant's conviction. He had three months within which to prepare his defense, and, as the record shows, not only refused the assistance of counsel of his own choosing, but refused to accept the assistance of two attorneys appointed by the court, but insisted he would represent himself unless the county supervisors would agree to pay for counsel for him.

■ Point 23 refers to the refusal of the trial court to consider the time defendant had already spent in jail in fixing the length of the jail sentence imposed as a condition of probation granted to defendant, which condition was that he serve one year in the county jail. This matter was one for the discretion of the trial court; it indicates no abuse of discretion and is not reviewable here. Defendant was under no obligation to accept probation under the terms granted.

We find no reversible error, wherefore the judgment and order denying a new trial are affirmed.

Van Dyke, J., and Schottky, J. pro tem., concurred.

A petition for a rehearing was denied September 4, 1952, and appellant's petition for a hearing by the Supreme Court was denied September 18, 1952.