[Crim. No. 2404. Third Dist. Apr. 3, 1953.]

THE PEOPLE, Respondent, v. VITO GERUNDO, Appellant.

Vito Gerundo, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and Doris H. Maier, Deputy Attorney General, for Respondent.

VAN DYKE, P. J.—Motion to dismiss appeal upon the ground the appeal is so completely without merit as to be frivolous.

On May 8, 1951, Vito Gerundo was convicted of a violation of section 484 of the Penal Code and was granted probation. His motion for new trial was denied and he appealed. The order appealed from was affirmed (see *People* v. *Gerundo*, 112 Cal.App.2d 797 [247 P.2d 374]) on August 23, 1952, and his petition for a hearing was denied by the Supreme Court September 18th following. In the meantime and on November 13, 1951, Gerundo filed a petition in the trial court, supported by an affidavit. He asked a new trial upon the ground that newly-discovered evidence was available tending to show that the complaining witness at his trial had testified falsely, that his conviction was procured by fraud and perjury and that these matters, with knowledge thereof, were wrongfully concealed by the People. On November 30th a hearing was had on the petition and evidence was received, the trial court apparently treating the petition as in the nature of a petition for a writ of error *coram nobis*. The petition was denied and this appeal was taken from the order of denial.

Treated simply as a motion for new trial the trial court was, of course, without jurisdiction to grant the desired relief in the matter, both from the lapse of time and from the fact that a previous motion for a new trial had been denied. Considering the motion, however, as one for a writ of error *coram nobis*, we will, by way of introduction, quote from our opinion in *People* v. *Gerundo*, *supra*, at page 801:

"Regarding the fifth assignment of error, defendant argues, as he does in other connections, that there was a valid existing contract of sale between him and the owners of the automobile which he is alleged to have stolen, and that he therefore had a right to the possession of the car and could not be accused of stealing his own property. There is ample evidence to the contrary. It shows that Smith and Palzis, a corporation in Napa, owned a used car lot. On Monday, April 17, 1950, defendant visited the car lot and stated to the attendant that he wanted to buy a certain Hudson car there exhibited. The salesman gave him a price of $900 and defendant stated that he would buy the car if his wife, in San Francisco, approved; and he requested permission to take the car, promising to return it the following Wednesday. Defendant was referred to the head office of the corporation where he signed an agreement to purchase, which described the car, gave the total price as $939, and provided for a down payment of $339, in cash, the balance to be paid in designated monthly installments. There was written upon this instrument: 'This deal

to be completed on wife's Okeh—Wed. A.M. Otherwise this contract void.' It also contained the provision: 'This contract shall not become binding upon the seller unless and until the same shall have been accepted in writing signed by Smith & Palzis, Inc.'

"Mr. Smith testified that the foregoing was merely a 'work sheet,' that a conditional sales contract was to be executed thereafter when the car was returned the following Wednesday and the down payment made. Gerundo took the car but did not return it on Wednesday or at all, never executed a conditional sales contract or made any payment whatsoever; and no communication from him was ever thereafter received by Smith and Palzis or either of them."

By his petition Gerundo states that there existed a memorandum in the handwriting of the said Don Smith outlining the terms upon which an insurance policy was to be obtained by Gerundo, naming the Commercial Credit Company as the loss payable party as a mortgagee; that notwithstanding, Don Smith testified the subject of insurance had never been mentioned between himself and Gerundo and that they had given Gerundo no authority to make his own arrangements with the credit company in connection with the purchase of the car. Says the petitioner, the memorandum would have shown that Don Smith testified falsely, but the memorandum had been turned over to the Napa County sheriff and by him turned over to a federal officer for purposes of a federal investigation being made, with the result that the same was not produced at Gerundo's trial, although the court had ordered that all of Gerundo's documents that were in the possession of the sheriff should be produced in court for his use. There is nothing in the foregoing that states a cause for the issuance of a writ *coram nobis*. The most that petitioner says about the matter which even attempts to charge any sort of fraud upon the part of the People was that the memorandum had been extracted from the other papers of Gerundo unknown to him and then "illegally and unlawfully turned over to a certain special agent." This does not amount to a fraudulent suppression of evidence upon the part of the People.

Of course, petitioner's statement that the memorandum constituted newly-discovered evidence is false upon its face, for if such a memorandum existed he knew about it; and had he during the trial demanded its production and made a showing that it had been taken from him he would

have been permitted to introduce secondary evidence of its contents. These things he did not do.

While in ruling upon the motion to dismiss an appeal upon the ground that the appeal is frivolous the court will not ordinarily examine into the merits of the appeal, we have in this matter taken the precaution of reading the brief transcript of the hearing of the petition. One witness was sworn, to wit, the deputy sheriff who was accused of having concealed or suppressed the memorandum, and he testified exactly to the contrary, and the petitioner did not himself take the stand to contravene this testimony.

Under the circumstances the appeal must be and it is hereby dismissed.

Peek, J., and Schottky, J., concurred.

A petition for a rehearing was denied April 17, 1953, and appellant's petition for a hearing by the Supreme Court was denied April 30, 1953.