[Crim. No. 5023.   Second Dist., Div. Three.   Oct. 23, 1953.]

THE PEOPLE, Respondent, v. HERSCHEL A. RUTLAND, Appellant.

Gladys Towles Root for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

WOOD (Parker), J.—Defendant was convicted in a nonjury trial of the crime of grand theft of an automobile. The notice of appeal recites that defendant appeals from the judgment and sentence. Appellant contends in effect that the evidence was insufficient to support the judgment.

Donald F. Seitz, a witness called by the People, testified that about 1:15 p. m., on November 10, 1952, he parked his 1946 Ford automobile at a place on Wilmington Street in Los Angeles; about six minutes later he returned to where he had parked the automobile and it was not there.

Officer Teel, a witness called by the People, testified that about 2 p. m., on November 10, 1952, he saw a 1946 Ford automobile (the Seitz automobile) parked on the south side of Firestone Boulevard and slightly east of "Sunny's Auto Wrecking"; he observed the defendant and another man get out of the automobile and go into the wrecking place; he watched the automobile until they returned and, as they drove away, he stopped them; defendant was driving; he asked defendant if the automobile was his and defendant said "No" that a fellow by the name of "Herschel," whose last name he could not remember, lent the automobile to him for the purpose of going to a house on Florence Avenue; he (officer) then took defendant to the police station where defendant told him that Herschel lent the automobile to him in order that he might make a "contact" to sell 15 pounds of marijuana on Florence Avenue, and that he was going there when the officers stopped him. On cross-examination the officer testified that defendant told them that he could take them to Herschel; he (officer) told defendant he would let him talk to another officer and see what arrangements could be made; it was

strictly a marijuana deal and was not in his line of investigation.

Another witness, called by the People, testified that he was "Parts" manager of Sunny's Automobile Parts Salvage; on November 10, 1952, defendant came into his place of business, said he was going into the Army and wanted to sell the tires and battery of his Ford automobile; he (witness) told defendant he did not buy loose parts and asked defendant what he would sell the complete automobile for; defendant said it was a '46 Ford, and he would sell it for $250; the witness said that was too high, and then the defendant left.

Defendant testified that one Herschel Gisbon gave him permission to use the automobile; Gisbon indicated to defendant that it was his automobile; defendant was going to see a friend, and was then to return the automobile to Gisbon at 103d Street in Watts where he got the automobile. On cross-examination defendant testified that his first name is also Herschel; he had a conversation with Gisbon before Gisbon lent the automobile to him and Gisbon said that if defendant would go to Lee Anson's and make a "contact" for Gisbon to sell some marijuana there would be $80 in it for defendant; while defendant was driving to Anson's, he stopped the automobile for the reason that there was a boy riding with him who was going to sell some automobile parts and tires from his (the boy's) automobile; he did not know the boy's name; defendant did not go to the automobile supply place.

■ Appellant argues to the effect that since the People introduced in evidence statements made by defendant at the time of his arrest they are bound by said statements. He relies on the case of *People* v. *Estrada,* 60 Cal.App. 477 [213 P. 67]. The Estrada case is distinguishable from the present case. In that case the defendant, who was charged with murder, admitted the killing but claimed that he acted in self-defense. The defendant therein did not testify, and the People introduced in evidence a statement which was made by defendant on the day of his arrest. The evidence therein tended to show a justification for the killing, and there was no evidence which contradicted defendant's statement; on the contrary, the circumstantial evidence tended to corroborate defendant's statement. The court stated therein (p. 481) that there was nothing in the statement of defendant to warrant the conclusion that he acted other than in necessary self-defense. In the present case, about 45 minutes after

Seitz parked his 1946 Ford automobile on Wilmington Street, the defendant was observed driving it on Firestone Boulevard; the officer testified that he saw defendant go into the automobile wrecking place; a manager of that business testified that defendant came into his store and told him he had a 1946 Ford automobile and wanted to sell its tires and battery, and that he would sell the automobile for $250. That evidence contradicts defendant's statement that one Herschel lent the automobile to him for the purpose of going to a house on Florence Avenue, and it also contradicts his testimony that he did not go into the wrecking place. The court was not required to accept the statements of defendant as proof. Those statements were merely a part of the evidence and they were to be considered in connection with all of the evidence in the case. ■ "While the mere possession of stolen property is not alone sufficient to sustain a conviction of grand theft . . . such possession plus 'slight corroborative evidence of other inculpatory circumstances' will suffice." (*People* v. *Wissenfeld*, 36 Cal.2d 758, 763 [227 P.2d 833].) ■ "Possession of goods recently stolen may be considered by the court, however, in connection with other incriminating evidence and, if not satisfactorily explained, it is a circumstance tending to show guilt. . . . ■ If an explanation of such possession is attempted by the accused it is for the trier of facts to judge of its truth and plausibility." (*People* v. *Taylor*, 74 Cal.App.2d 363, 366 [168 P.2d 736].) The evidence was sufficient to support the judgment.

■ Since an appeal from a sentence is not authorized, the purported appeal therefrom should be dismissed. (*People* v. *D'Elia*, 73 Cal.App.2d 764, 766 [167 P.2d 253] ; see *People* v. *Tallman*, 27 Cal.2d 209, 215 [163 P.2d 857].)

The judgment is affirmed. The purported appeal from the sentence is dismissed.

Shinn, P. J., and Vallée, J., concurred.