[Crim. No. 6611.   Second Dist., Div. Three.   Sept. 21, 1959.]

THE PEOPLE, Respondent, v. ALLEN C. WALLACE,
Appellant.

Allen C. Wallace, in pro. per., for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Marvin L. Part, Deputy Attorney General, for Respondent.

VALLÉE, J.—In a nonjury trial defendant was convicted of a violation of section 487, subdivision 3 of the Penal Code in that he unlawfully took a Hertz automobile.   He appeals from the judgment.   Defendant appears in propria persona. His only point seems to be that the evidence is insufficient to sustain the conviction.

On February 19, 1958, defendant telephoned Hertz

Company and asked that a car be delivered at 1545 North Laurel Avenue in Los Angeles. He said he would keep the car three days. A 1958 four-door hardtop Chevrolet bearing California license number PCL765 was dispatched to that address. The car had black-wall tires and, in accord with Hertz procedure, the back of the rear-view mirror was painted red.

The Hertz man who delivered the car found defendant in the lobby of an apartment house at the Laurel address. As identification defendant gave the Hertz man a Des Moines, Iowa, driver's license and a Diners' Club credit card, both of which bore the name Allen Wallace, and said his telephone number was OL 6-9122. The Hertz man wrote the information on a contract which defendant signed.

The car was not returned to Hertz. When it was overdue the Hertz manager called OL 6-9122. It was a pay booth on Sunset Boulevard. Defendant was not registered at the Laurel address.

On April 6, 1958, the car was seized by the police in Las Vegas, Nevada. Defendant was driving. A Hertz agent removed the car from the police impound. It then had white flaps to give the appearance of white-wall tires. The red paint on the mirror had been removed and replaced with chrome.

Defendant had never been a member of the Diners' Club and there had never been a card issued with the number defendant had shown the Hertz man.

The evidence supports the finding of guilt. Every person who shall feloniously steal the personal property of another, or who shall fraudulently appropriate property which has been entrusted to him, is guilty of theft. (Pen. Code, § 484.) Grand theft is committed when the property taken is an automobile. (Pen. Code, § 487, subd. 3.) Defendant contends the People failed to prove an intent to steal. It was for the trial court to determine the intention with which the car was secured. (*People* v. *Post,* 76 Cal.App.2d 511, 514 [173 P.2d 48].) The trial judge was clearly warranted in finding the intent to steal from the facts we have related. (*People* v. *Gerundo,* 112 Cal.App.2d 797, 804 [247 P.2d 374]; *People* v. *Barnett,* 31 Cal.App.2d 173, 177 [88 P.2d 172].)

Affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.