[Crim. No. 7498. Second Dist., Div. One. May 11, 1961.]

THE PEOPLE, Respondent, v. WILSON PHELPS, Appellant.

Elinor Chandler Katz for Appellant.

Stanley Mosk, Attorney General, and George W. Kell, Deputy Attorney General, for Respondent.

LILLIE, J.—Defendant was found guilty of grand theft; appealing from the judgment, he attacks the sufficiency of the evidence to connect him with the crime.

The cause was submitted to the trial court on the transcript of the preliminary hearing. The evidence shows without dispute that between November 11, 1959, and December 1, 1959, six diamond grinding wheels (Exhibits 1A-F), valued at about $238 each, were stolen from Northrup Aviation. It is not denied that shortly after their theft defendant had the stolen wheels in his possession and attempted to sell them to A-I Carbide Cutter Service for a price far below their value. On December 1, 1959, defendant telephoned A. A. Morris of A-I Carbide and offered to sell him six grinding wheels for $150 each; defendant told him a friend gave them to him to sell and although the friend was not local, he had a letter from him authorizing him to sell the wheels. Believing the property to have been stolen because of the "very low price"

at which it was offered, and because defendant did not represent an authorized distributing agency and was unable to accurately describe the wheels; and not interested in buying "hot material," he told defendant he would have to see the wheels. Morris then called the Los Angeles police; shortly thereafter, Officers Michaelson and Stephanson arrived at A-I Carbide and were present when defendant brought in the wheels. Michaelson talked to defendant, who told the officer they originally belonged to his brother, Charles Grover Phelps, and had been turned over to him in part payment of a debt, and that he was short of money and decided to sell them. The officers asked defendant to accompany them to the station, which he did; they investigated the ownership of the wheels while he was there, which defendant agreed they should do. He was at the station a "couple" of hours, but was neither arrested nor detained; later police called him to pick up the wheels. Officer Martin of Hawthorne Police thereafter arrested defendant, and on December 4, 1959, talked to him at the station; present was Louis Reynolds. Reynolds told them that he removed some wheels from Northrup and took them to his place of business where he met defendant; that he took defendant to the back room and showed him the wheels; that defendant agreed to take them and try to sell them; and that a week before the theft he talked to defendant "in regards to taking anything along the tooling design." Reynolds was excused, and the officers then asked defendant if he had heard Reynolds' statement and if it was true; he said that he had and that it was. At the trial defendant neither offered evidence in his defense, nor testified on his behalf; Reynolds was not present.

Appellant argues that there is no evidence that he knew the wheels were stolen or that he took them. We can hardly find merit to such an argument in the face of defendant's possession of the stolen wheels within a short time after their theft, his conduct in connection therewith, such as his attempted disposition of them, his offer to sell them at far less than their value and his lack of technical knowledge concerning them, defendant's false, inconsistent and misleading statements relative to his possession of the property, and his failure to testify—deny or explain under oath.

The essence of grand theft, as here involved, is the felonious taking of the personal property of another (*People* v. *Flores,* 58 Cal.App.2d 764 [137 P.2d 767]; Pen. Code, §§ 484, 487, subd. 1); and our examination of the record has compelled

the conclusion that the evidence warrants the trial court's adjudication of defendant's guilt. While the case for the prosecution was mainly circumstantial and there was no evidence that anyone saw defendant take the wheels and no direct admission by him that he did so, under the present circumstances, neither is necessary to uphold his conviction. (*People* v. *Alexander,* 92 Cal.App.2d 230 [206 P.2d 657]; *People* v. *Lancellotti,* 147 Cal.App.2d 723 [305 P.2d 926].)

Although mere possession of stolen property will not sustain the possessor's conviction of its theft, such possession plus ''slight corroborative evidence of other inculpatory circumstances'' (*People* v. *Holland,* 82 Cal.App.2d 310, 312 [186 P.2d 58]; *People* v. *Wissenfeld,* 36 Cal.2d 758, 763 [227 P.2d 833]; *People* v. *Citrino,* 46 Cal.2d 284 [294 P.2d 32]; *People* v. *Thompson,* 120 Cal.App.2d 359 [260 P.2d 1019]), such as acts, conduct or declarations of the accused tending to show his guilt (*People* v. *Citrino,* 46 Cal.2d 284 [294 P.2d 32]; *People* v. *Boxer,* 137 Cal. 562 [70 P. 671]), false and misleading accounts of possession (*People* v. *Conrad,* 125 Cal. App.2d 184 [270 P.2d 31]; *People* v. *Goodall,* 104 Cal.App.2d 242 [231 P.2d 119]; *People* v. *Machabie,* 33 Cal.2d 67 [198 P.2d 681]; *People* v. *Buratti,* 96 Cal.App.2d 417 [215 P.2d 500]), failure to show honest possession (*People* v. *Lang,* 142 Cal. 482 [76 P. 232]; *People* v. *Taylor,* 4 Cal.App.2d 214 [40 P.2d 870]; *People* v. *Blackburn,* 65 Cal.App.2d 538 [151 P.2d 24]), and an attempted disposition of the property for less than its value (*People* v. *Clark,* 122 Cal.App.2d 342 [265 P.2d 43]; *People* v. *Buratti,* 96 Cal.App.2d 417 [215 P.2d 500]), will suffice.

Appellant relies primarily on the testimony of Officer Andis that Reynolds admitted to him he took the wheels and gave them to defendant to sell, and that defendant, after hearing Reynolds' story stated it to be true. Inasmuch as the other evidence is more than sufficient to show defendant's guilt of the theft, that the district attorney introduced Reynolds' statement, which if believed tended to prove that Reynolds instead of defendant stole the wheels, is of little import, for ''if there is prosecution evidence which tends to disprove criminality and other prosecution evidence which tends to prove criminality, it is the function of the trier of fact to determine which version is to be believed. (See *People* v. *Freudenberg* (1953), 121 Cal.App.2d 564, 575-576 [263 P.2d 875]; *People* v. *Rutland* (1953), 120 Cal.App.2d 798, 800 [261 P.2d 735]; *cf. People* v. *Howard* (1930), 211 Cal. 322,

329-330 [295 P. 333, 71 A.L.R. 1385]; *People* v. *Holt* (1944), 25 Cal.2d 59, 90-93 [153 P.2d 21].)'' (*People* v. *Acosta,* 45 Cal.2d 538, 542 [290 P.2d 1].) While the prosecution, having offered the testimony of Officer Andis, may be bound thereby if the trial court attaches any credibility, not only to the officer's testimony, but to the statements of Reynolds and defendant contained therein, it appears here that the trial court considered neither Reynolds' statement to Andis worthy of belief, nor defendant's acknowledgement that it was true as anything tending to exonerate him but as just another explanation of possession inconsistent with his other two accounts, adding one more to an already imposing list of incriminating circumstances pointing to his guilt of the theft. Such a conclusion was wholly justified inasmuch as Reynolds neither testified nor was present at the trial; defendant neither offered evidence to establish a defense nor took the stand to deny or explain under oath; and defendant had previously, under suspicious circumstances, given two contradictory and obviously false accounts of how he obtained possession of the stolen property—first, from a friend, who gave him a letter authorizing him to sell the wheels, second, when confronted by police, from his brother on a debt, and finally, when held for theft, from Reynolds, accepting the latter's convenient admission. The trial judge had a right to, and did, reject all three accounts; had Reynolds' statement really been true, defendant had only to testify to that effect but he elected to remain silent, and from his failure to testify, the trial court could and did assume ''that among the inferences that may reasonably be drawn, therefrom [from the evidence], those unfavorable to the defendant are the more probable.'' (*People* v. *Adamson,* 27 Cal.2d 478, 491 [165 P.2d 3]; *People* v. *Steccone,* 36 Cal.2d 234 [223 P.2d 17].) The conflicting sources from which defendant claimed the wheels were obtained, and defendant's false and misleading statements regarding possession, his efforts to dispose of the property shortly after its theft and the inadequate price for which he was willing to sell it, defendant's lack of information concerning the wheels and his unexplained possession of them, were all factors to be considered by the trial court. It was entitled to weigh them in determining the probable guilt of the defendant as charged and whatever it inferred—either that he alone took the wheels, or that he aided and abetted Reynolds in committing the theft (*People* v. *Groenig,* 57 Cal.App. 495 [207 P. 502]) or was Reynolds' accomplice in the theft re-

sulting from the execution of a prearranged plan with Reynolds that he would take "anything along the tooling design" and try to sell it (*People* v. *Lima,* 25 Cal.2d 573 [154 P.2d 698]); and tested upon the assumption that on appeal all evidence and inferences tending to support the finding of guilt are true, we find the evidence sufficient (*People* v. *Poindexter,* 51 Cal.2d 142 [330 P.2d 763]; *People* v. *Newland,* 15 Cal.2d 678 [104 P.2d 778]) and will not disturb the lower court's decision. (*People* v. *Lancellotti,* 147 Cal.App.2d 723 [305 P.2d 926].)

The evidence discloses that on December 1, 1959, at A-I Carbide, Officer Michaelson asked defendant to accompany him to the station; that defendant did so and he remained there a "couple" of hours while police investigated the ownership of the wheels. Asked on cross-examination if he placed defendant under arrest at A-I Carbide, the officer said "No," and testified ". . . we asked him to accompany us to the 77th Street Police Station and he did so . . . he was not detained. He was there while we investigated the ownership of these wheels. He was not under arrest, he was informed that we were investigating the ownership of the wheels and he agreed that we should do this." After a couple of hours, defendant left; later he was asked to return to pick up the wheels, however in the meantime he was arrested by Hawthorne police.

 Appellant argues, somewhat obscurely, that the wheels were taken from him at A-I Carbide where he was arrested without probable cause on December 1st, and that at the trial they were improperly admitted in evidence against him; the record before us does not support such an argument. It is apparent from the evidence that defendant's visit to the 77th Street Station on December 1, 1959, was entirely voluntary, and that the investigation into the ownership of the wheels and their detention by police for that purpose were with the consent, and upon the agreement, of defendant. Neither an "arrest" nor "seizure" was involved at that time; moreover, inasmuch as the record is silent concerning whether the officers had warrants, and in the absence of any evidence showing the illegality of their actions, we must presume that the officers regularly and lawfully performed their duties. (*People* v. *Citrino,* 46 Cal.2d 284 [294 P.2d 32]; *People* v. *Serrano,* 123 Cal.App. 339 [11 P.2d 81].)

Further, the record presents to us no basis for inquiry into the matter of the legality of defendant's asserted arrest or of the purported seizure of the wheels on December 1st.

Exhibits 1A through F, consisting of six grinding wheels, were marked for identification and identified as stolen property at the preliminary hearing without objection from defendant, who was represented by counsel; nor was objection interposed by defendant when they were later admitted in evidence, in fact, when the prosecution asked that Exhibits 1A - F be admitted, counsel for the defendant not only did not object, but immediately and voluntarily stated, ''No objection.'' At the trial, not only was no objection made by defendant, but his counsel stipulated, in submitting the cause on the transcript of the preliminary hearing, that ''all exhibits offered and received at the time of the preliminary hearing be deemed here offered, here received into evidence.''

For failing to object to the admission of the evidence on the ground that it was obtained by an unlawful search and seizure at any point in the court below, indeed for voluntarily agreeing the wheels could be offered and received, appellant may not now raise the matter for the first time on appeal. (*People* v. *Richardson*, 51 Cal.2d 445 [334 P.2d 573].)

For the foregoing reasons the judgment is affirmed.

Wood, P. J., and Fourt, J., concurred.