[Crim. No. 13033. Second Dist., Div. One. June 8, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. JON JAMES PETERSON, Defendant and Appellant.

Gilbert F. Nelson, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Lawrence E. Mindell, Deputy Attorney General, for Plaintiff and Respondent.

FOURT, J.—This is an appeal from a judgment of conviction of grand theft.

In an information filed in Los Angeles April 11, 1966, defendant was charged with feloniously taking a motor vehicle, the property of Allen Auto Leasing Company and William Snow on or about May 12, 1965, in violation of the provisions of section 487, subdivision 3, Penal Code. It was further charged that defendant had six times previously been convicted of felonies and served terms in prison therefor. Defendant admitted three of the charged priors, violations of Vehicle Code, section 503, in 1939 and 1945, and a 1961 conviction for forgery. In a jury trial defendant was found guilty as charged. No finding was made on the remaining three charged prior convictions. Defendant was sentenced to the state prison.

A résumé of some of the facts is as follows:

In May 1965, the Allen Auto Leasing Company owned a gold-colored 1963 Cadillac car with white convertible

top, license number PAA 427, engine number 63F070669. A 1964 vehicle registration slip contained the license number and engine number as above set forth. The car was returned from a lessee, Block Enterprises, on April 26, 1965, with a small amount of damage on a part of the body. Peter Van Arden, manager of Allen Auto Leasing Company, noted on a company leasing stock card that the car was to be sent to Western States Body Shop on May 5, 1965, to have the repairs made and the car was so sent to such shop on West Adams Boulevard for the repairs and received by the owner of such shop, William Snow, on May 4, 1965. Snow noted that the repair work was to be on the right rear quarter panel. A shop invoice, dated May 4, 1965, showed that repairs to a 1963 Cadillac, license number PAA 427, would total $109.45. A ledger book of the shop confirmed the receipt of the car on May 4, 1965, and the costs of the repairs.

On or about May 14, 1965, Snow observed that the car was missing from his lot. The dent had been hammered out of the fender, but it had not been primed or painted at that time. On May 15, 1965, Snow reported to Allen Auto Leasing Company that the car was missing. The keys had not been left in the car, although it was not locked. The shop's ledger noted that the car had been stolen. Snow gave no one permission to take the car and, up to the time of the trial, the car had not been returned to Allen Auto Leasing Company. The Republic Indemnity Insurance Company paid for the loss of the car in September 1965.

On March 7, 1966, Mary Frances Williams was driving a 1963 Cadillac with a gold-colored body and white top, bearing license number RHL 294. She was drunk at the time and was stopped by Officer Godnick of the Califronia Highway Patrol. Officer Godnick was then in Compton and called the police department of that city through a dispatcher. Compton Police Officer Camarillo went to the scene and met Officer Godnick. Officer Camarillo gave Miss Williams a sobriety test (which she failed) and then arrested her for drunk driving. As Officer Camarillo was about to impound the Cadillac car for safekeeping he removed the registration slip from the steering column. That slip carried the name of defendant and the address of 2002 Vineland Avenue, Los Angeles, and referred to a 1955 Buick car. The license plate on the Cadillac car was RHL 294 and was the same plate registered to the 1955 Buick. In the glove compartment Camarillo found a Shell service station receipt for a battery purchased for a 1963 Cadillac

with license number RHL 294 by a "Mr. Peterson." A wage and tax statement for a "J. J. Peterson" was also found in the car. Officer Camarillo also noted that the serial number of the Cadillac located on the door frame was 63F070669.

Miss Williams was taken to the police station and booked. The license plates, registration slip, wage and tax statement and battery purchase receipt were placed in the evidence locker. At the time the license plate was removed from the car it had on it a 1966 registration tag with the number 8090572 thereon.

At about 2:30 a.m. on March 8, 1966, defendant entered the Compton police station where Sergeant Shaw of that department was on duty at the desk. Defendant approached the counter and asked Sergeant Shaw if the vehicle in which Miss Williams had been arrested could be released. Shaw called Officer Camarillo, who was downstairs at the time. Officer Camarillo walked up to the defendant and asked defendant what he wanted. Defendant stated that he was seeking the release of the car which Miss Williams had been driving. Defendant was asked if he was the owner and he replied that he was the owner and that it was his name on the registration. After being informed of the circumstances by Officer Camarillo and after defendant's arrest, Sergeant Shaw advised defendant of his constitutional rights.

No one had given defendant permission to take the Cadillac.

 Officer Schnieders, of the Los Angeles Police Department, was an investigating officer and on March 9, 1966, he received the evidence items from the Compton Police Department and booked the same into evidence at the Wilshire station. Two of such items so booked and recorded in the property report were the registration slips removed from the Cadillac by Officer Camarillo. They were the 1965 and 1966 California vehicle registration cards and both contained the information "Jon James Peterson, License No. RHL 294, 1955 Buick." These cards were transferred to central property on May 19, 1966, along with the receipt for the battery and sometime in May 1966, the registration cards and the receipt were destroyed at the direction of Officer Schnieders. Officer Schnieders was of the belief that the Peterson case was closed.

Appellant now asserts that inadmissible hearsay was admitted into evidence at the trial, that he was not advised of his constitutional rights prior to his statement of ownership of

the Cadillac and that the evidence was insufficient to support the conviction.

At the trial Officer Camarillo was permitted to testify as to the contents of the vehicle registration slip which he had found in the Cadillac. Counsel for appellant objected to "any testimony regarding that unless the best evidence is produced." Later Officer Schnieders was permitted to testify as to the contents of the 1965 vehicle registration slip as recorded in the property report. To this defendant's counsel objected upon "the ground that property inventory report is still not the best evidence of the original items which were testified to . . ." ▆ It is apparent that the objections to the evidence were upon the ground that it was not the best evidence, that the original document was not being introduced. No specific objection that the evidence was inadmissible was made. Unless the objection was made at the trial level, an appellant cannot for the first time on appeal complain or object upon the ground that the evidence was hearsay. (See *People* v. *Dement,* 48 Cal.2d 600, 604 [311 P.2d 505] ; *People* v. *Huber,* 225 Cal.App.2d 536, 544 [37 Cal.Rptr. 512] ; *People* v. *Giffis,* 218 Cal.App.2d 53, 61-62 [32 Cal.Rptr. 215].)

▆ In other words, a party cannot abandon a ground of objection taken below and assume another ground on appeal. (*People* v. *Lint,* 182 Cal.App.2d 402, 415 [6 Cal.Rptr. 95].)

▆ Also, if no objection is raised with reference to a lack of proper foundation for evidence at the trial, then it cannot be raised as an issue on appeal. (*People* v. *Lopez,* 60 Cal.2d 223, 249 [32 Cal.Rptr. 424, 384 P.2d 16].)

▆ The best evidence rule was not violated in this case for the prosecution established that the registration slip was destroyed by Officer Schnieders. (See Evid. Code, §§ 1501, 1505, former Code Civ. Proc., § 1855, subd. 1.)

▆ When appellant went to the police station in the morning hours he was not invited there. When Sergeant Shaw summoned Officer Camarillo to come to the desk, neither officer knew appellant, nor knew what he wanted, nor was he in custody at the time when Officer Camarillo talked with him in the first instance. There was no custodial interrogation of appellant when appellant was asked if he was the owner of the car. At the most, it was a preliminary inquiry into an unsolved auto theft. The accusatory stage was not in being at the time the appellant stated that the car was his. There was no violation of the rule of *Miranda* v. *Arizona,* 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602, 10 A.L.R.3d 974].

The evidence is clear and satisfactory that appellant is guilty as charged in the information. (See Pen. Code, § 487, subd. 3; *People* v. *Rosson,* 202 Cal.App.2d 480, 490 [20 Cal. Rptr. 833]; *People* v. *Wallace,* 173 Cal.App.2d 762, 763 [343 P.2d 950]; *People* v. *Spencer,* 126 Cal.App.2d 29, 31-33 [271 P.2d 582]; *People* v. *Rutland,* 120 Cal.App.2d 798, 801 [261 P.2d 735]; *People* v. *Mainhurst,* 67 Cal.App.2d 882, 884 [155 P.2d 843].)

The judgment is affirmed.

Wood, P. J., and Lillie, J., concurred.

A petition for a rehearing was denied July 6, 1967.