[Crim. No. 13782.    Second Dist., Div. One.    Dec. 5, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. HAROLD
SYLVESTER LUMAR, Defendant and Appellant.

Albert D. Silverman, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, Jeffrey T. Miller and Stephen H. Silver, Deputy Attorneys General, for Plaintiff and Respondent.

FOURT, J.—This cause is before this court a second time for the reason that the Supreme Court granted appellant's petition for a hearing after this court's opinion of February 7, 1968, and then retransferred the case to this court with directions to appoint new counsel to represent appellant pursuant to *People* v. *Feggans,* 67 Cal.2d 444 [62 Cal.Rptr. 419, 432 P.2d 21], and *Anders* v. *California,* 386 U.S. 738 [18 L.Ed.2d 493, 87 S.Ct. 1396]. New counsel was appointed.

This is an appeal from a judgment of conviction of grand theft.

In an information filed in Los Angeles on February 23, 1967, defendant was charged in count I with grand theft in that he did on January 28, 1967, feloniously take an automobile, the personal property of Budget Rent-A-Car; in count II he was charged with a violation of the provisions of section 10851, Vehicle Code, on January 28, 1967. It was further charged that defendant previously had been convicted of a felony, namely, of violating the provisions of section 487, subdivision 1, Penal Code, on March 29, 1960, and had served a term in prison therefor. Defendant pleaded not guilty. A jury trial was waived and the cause was submitted upon the testi-

mony contained in the transcript of the preliminary hearing, the further testimony of witnesses for the prosecution and the testimony of defendant. The defendant was found guilty as charged in count I of the information. Count II was dismissed in the interest of justice. Although the testimony of defendant himself was: ". . . I have been convicted of a felony. And he ask me did I do any big time. And I told him yes, I have. Was I still on parole? I told him no, I had a discharge." and although the judge said at the time of sentence, "He has been in the penitentiary on one occasion. He has been convicted of many lesser type offenses, and he has shown in many ways that he will not overcome his inclination toward anti-social conduct." the charge of the prior conviction was withdrawn by the prosecutor. Defendant was sentenced to the state prison as a first offender. A timely notice of appeal from the judgment was filed.

A résumé of some of the facts is as follows: on January 28, 1967, a 1965 white Ford Mustang automobile bearing a Nevada license number C 73784 was in possession of Budget Rent-A-Car at its premises on Wilshire Boulevard, Beverly Hills. During the day the car disappeared. No one had been given permission to take the car from the premises. About a week previous to this time one of the partners of Budget Rent-A-Car had been approached by defendant at the premises and inquiry was made by defendant as to whether certain cars were for sale.

At about 9:30 a.m. February 3, 1967, Officer Smith of Los Angeles was driving a police car on Temple Street and heard a police department broadcast to the effect that a male Negro, wearing a red sweater and brown pants, about 26 years of age, who might be in possession of a gun was in the neighborhood of Temple and Mountain View Streets. The officer was not aware of the location of Mountain View Street and was looking for the same when a man in a pickup truck signalled to him to pull over and stop. The man from the pickup truck came to the police car and advised Officer Smith that he had just reported to the Rampart police station with reference to a man "that he had seen with a gun," that the person was in a parked car "down the block." The officer drove the police car to the rear of the Ford Mustang car in which defendant was seated. The Mustang car then carried California license plates PRZ 066. Defendant got out of the Mustang car and walked toward the parked car. The officer told defendant why he (the officer) was there and asked defendant whether he

had a gun. Defendant replied that he did not have a gun. The officer then made a cursory search of defendant for weapons and found nothing. Defendant was asked if the Mustang car was his and defendant replied in the affirmative. A repeat police broadcast was then heard by the officer to the effect the license number of the car in which the man who reportedly possessed a gun was PRZ 066. The officer searched the car for a gun and found none. The officer noticed that there was no registration slip in the car and he asked defendant where the slip was located and defendant stated that it was in the glove compartment. Defendant told the officer that he had just recently received the car from a repair shop and possibly the slip had been removed while at such shop. Officer Smith then turned the investigation over to other policemen who had arrived upon the scene. Officer Crowe ascertained that the license number PRZ 066 was registered to a 1958 Ford car. Defendant was then placed under arrest and advised fully of his constitutional rights. Defendant responded that he understood his rights and that the Mustang Ford was his automobile, that he had purchased it new and that he could not understand why the license plates on the car were not registered to it.

On February 6, 1967, Officer Smith, of the Beverly Hills Police Department, talked with defendant after advising defendant of all of his constitutional rights as of that date. Officer Smith inquired about the defendant's possession of the Mustang car and defendant stated that he had been hitchhiking and was picked up by a man driving the Mustang car, that he, the defendant, recognized the car as being the one which had been stolen from Budget Rent-A-Car and had taken it from the driver in order to return it to the owners. Defendant indicated that he did not desire to talk about the change of license plates on the car.

At the time of trial defendant testified that he had never told an officer that the car was his or that he had purchased it or that he had driven the car after having been picked up as a hitchhiker. Further, that he had never seen the car before his arrest.

Appellant now asserts that his Fourth Amendment rights were violated when he was detained and frisked by the officer, the search was illegal and that his counsel at trial was incompetent.

This court stated in the previous opinion with reference to this cause that ''There is no merit whatsoever in appellant's

position in this appeal and, like so many criminal appeals of no substance these days, simply serves to clog the Court of Appeal calendar and consumes time that might well be expended on meritorious cases.'' We are not persuaded that there is any merit to appellant's contentions.

The officer was clearly within his rights when he subjected appellant to a cursory search for weapons. (See *People* v. *Mickelson,* 59 Cal.2d 448, 450 [30 Cal.Rptr. 18, 380 P.2d 658]:) This court said in *People* v. *Wigginton,* 254 Cal.App. 2d 321, 326 [62 Cal.Rptr. 104] : ''On the other grounds, it appears that the officers acted properly in searching defendants' vehicle before the arrest. The police had the right to stop defendants for the purpose of investigation and to interrogate them. The right to investigate gives rise to the right to conduct a reasonable search for weapons in order to protect the safety of the officers. [Citations.] The fact that the search extended beyond the person of the defendants to the automobile in which they were riding and to that portion where the officers saw one of them lean over and appear to place something under the seat, does not make the search illegal. The officer was not making an exploratory search of the vehicle. He was acting within reason and the search was no more than a step to safeguard the lives of the officers.''

There is no need to repeat all of the facts of the case at bench, suffice it to say that the officer had been advised through the police radio that a male Negro, about 26 years of age, driving a 1965 Mustang car in the vicinity of Temple and Mountain View Streets might be in possession of a gun. While attempting to locate the area the officer was advised by a person who was driving another vehicle that there was a man down the street with a gun. The officer proceeded to the area indicated and there was the Mustang car and seated in the car was a man who generally fitted the broadcast description.

It has been appropriately stated in *People* v. *Henze,* 253 Cal.App.2d 986, 988 [61 Cal.Rptr. 545] : ''Circumstances short of probable cause for an arrest may justify temporary detention of a person by a peace officer for investigation and questioning. [Citations.] While the circumstances which will justify temporary detention have not been articulated with precision, still from the cases we have acquired a rough picture of the situations in which such a detention is warranted. First, there must be a rational suspicion by the peace officer that some activity out of the ordinary is or has taken place. Next, some indication to connect the person under suspicion

with the unusual activity. Finally, some suggestion that the activity is related to crime.''

The repeat broadcast advised the officer of the license number of the car in which appellant had been seated. It was the duty of the officer under these circumstances at least to look into the car which was only a few feet away. (See *People* v. *Mickelson, supra,* 59 Cal.2d 448, 450; *People* v. *Wigginton, supra,* 254 Cal.App.2d 321, 326; *People* v. *Schader,* 62 Cal.2d 716, 722-725 [44 Cal.Rptr. 193, 401 P.2d 665] ; *People* v. *Cove,* 228 Cal.App.2d 466, 469 [39 Cal.Rptr. 535].) The search or looking into the car revealed that there was no registration slip as required by section 4000 of the Vehicle Code and when appellant could not provide a valid registration the police were reasonable in assuming that appellant did not own the car and was not entitled to it. See *People* v. *Jones,* 253 Cal. App.2d 229, 232 [61 Cal.Rptr. 232], where this court held: ''When appellant could not produce a driver's license as required by Vehicle Code section 12951, or vehicle registration as required by Vehicle Code section 4000, or any identification for that matter, the police were reasonable in assuming that appellant did not own the car, and was not entitled to be in it.''

Finally appellant contends that his trial counsel was ineffective and incompetent. It is readily apparent from the record in this case that counsel had a thief for a client. Further it is apparent that appellant's statements were not to be believed. It appears that counsel did the best that could be done considering what he had to work with. In any event the trial was not reduced to a farce or a sham, the test which is used to ascertain whether counsel's representation was effective. See *People* v. *Dutch,* 254 Cal.App.2d 163, 166-167 [61 Cal.Rptr. 727] and cases cited therein. Reduced to simplest term, appellant's defense was a weird alibi and the trier of fact disbelieved him.

We are not advised whether appellant continues with his original contentions at this time. In the event he does, we answer them as before by stating:      ''It is not necessary in securing a conviction that some person see appellant take the car in the first instance. (*People* v. *Phelps,* 192 Cal.App. 2d 12, 14-15 [13 Cal.Rptr. 383] ; *People* v. *Peterson,* 251 Cal. App.2d 676 [59 Cal.Rptr. 694].)

''There was ample corroborative evidence of inculpating circumstances in this case, such as, for example, false and misleading accounts of possession. (*People* v. *Machabie,* 33

Cal.2d 67, 69-70 [198 P.2d 681]; *People* v. *Phelps, supra*; *People* v. *Conrad,* 125 Cal.App.2d 184, 185 [270 P.2d 31]; *People* v. *Jefferies* [*sic*], 47 Cal.App.2d 801, 808 [119 P.2d 190].)'' (*People* v. *Lumar* *(Cal.App.) 65 Cal.Rptr. 911, 913.)

The judgment is affirmed.

Wood, P. J., and Lillie, J., concurred.

---

*Reporter's Note: A hearing was granted by the Supreme Court on March 28, 1968, and the cause was retransferred to the Court of Appeal with directions, see *ante,* p. 900.