[Crim. No. 3734. Fourth Dist., Div. One. Oct. 23, 1969.]

THE PEOPLE, Plaintiff and Respondent, v. LONNIE C. BROWN, Defendant and Appellant.

**COUNSEL**

A. Kendall Wood, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Jerold A. Krieger, Deputy Attorney General, for Plaintiff and Respondent.

**OPINION**

**WHELAN, J.**—Lonnie C. Brown (defendant), convicted in a non-jury trial of the unlawful taking and driving of a vehicle (Veh. Code, § 10851), appeals from an order granting probation for three years.

On the evening of December 13, 1968, a 1959 Chevrolet Impala automobile with license plate KLS-333 was taken without permission of the owner from a used car parking lot in National City. The ignition key had been left in the car.

At approximately 2:10 a.m., on December 17, 1968, two San Diego city

policemen, Ronald C. Shankles and Winston Parker, were in the same patrol car going around the traffic circle on Imperial Avenue. They saw a 1959 Chevrolet Impala bearing license plate KLS-333 which had come to a complete stop. The car then commenced to move and almost hit the guard railing on the inside of the traffic circle. Shankles had the impression the driver was drunk. The officers stopped the car. Defendant was the driver and when he alighted from the auto was advised of the constitutional rights concerning which advice is required to be given before questioning. The officers administered a field coordination test, found defendant to have been drinking but that his ability to drive was not impaired thereby. Officer Shankles asked defendant if he could look inside the vehicle and defendant consented. Shankles looked for the registration certificate. Defendant, in response to a question as to its location in the car, stated he did not know. The officer ran a records check with the police business office which revealed the car to be one stolen from the lot in National City. The policemen told defendant the car had been stolen and again advised him of his rights and then placed him under arrest.

Shankles asked defendant if the car belonged to him; defendant stated the car belonged to his cousin's boyfriend; he could not remember the name of the boyfriend. Officer Shankles asked defendant where he was going; defendant stated he was going to a liquor store to buy a six-pack of beer; that he was coming from a party; that he had been at a party in the area of 32d and Webster; he could not recall the exact address; that if the officers took him back he could find the house.

Thirty-second and Webster was a little over a half-mile from the place of the arrest.

Officer Parker also talked to defendant after the latter had received the *Miranda* advice.

Defendant did not tell Parker when he had received the car; he told Parker he had started from 32d and Webster, that he had been at a party, and that he was returning to the Webster address; that he was returning there from a party.

Defendant was brought to the city jail. At 1:05 on the afternoon of the same day he was interviewed, after having been advised anew of his *Miranda* rights by Sergeant William Nosal.

Defendant told Nosal that he was en route from his cousin's residence in the vicinity of 32d and Webster and he was subsequently en route to another cousin's house the exact address of which he was unable to relate; that the vehicle had been lent him by a boyfriend of his cousin who resided in the vicinity of 32d and Webster; he did not know the name of the boyfriend.

Nosal gave his card to defendant while transporting defendant from the

City of San Diego jail to the county jail, and told him to contact Nosal at any time concerning any further information defendant might have concerning the person who had lent the car to defendant. Thereafter, Nosal had not heard from defendant.

At that point the prosecution rested and counsel for defendant moved for an acquittal under Penal Code, section 1118.[1] The motion was based on the ground that the prosecution had shown only that defendant was in possession of stolen property and relied on the leading case of *People v. McFarland,* 58 Cal.2d 748 [26 Cal.Rptr. 473, 376 P.2d 449]. The motion was denied. Defendant then presented his evidence.

Because of the limited nature of the issue presented by defendant it is not necessary to summarize his own testimony or that of his other witness. Suffice to say that it did not add strength to the explanations given by defendant to the police as testified to by them.

As stated in his opening brief and iterated in his reply brief, defendant's only contention is that the trial court erred in denying defendant's motion for acquittal; that there was no evidence indicating an intent by defendant to deprive the true owner either permanently or temporarily of title to or possession of the vehicle.

Vehicle Code, section 10851, provides: "Any person who drives or takes a vehicle not his own, without the consent of the owner thereof, and with intent either permanently or temporarily to deprive the owner thereof of his title to or possession of the vehicle, whether with or without intent to steal the same, or any person who is a party or accessory to or an acomplice in the driving or unauthorized taking or stealing is guilty of a *public offense, . . .*"

A violation of this section requires proof of a specific intent to deprive the owner of the car of possession or title for either a temporary or permanent period. (*People v. Johnson,* 191 Cal.App.2d 694, 699 [13 Cal.Rptr. 1].)

Possession of stolen property in no way shifts the burden of proof or destroys the presumption of innocence. (*People v. McFarland, supra,* 58 Cal.2d 748, 756.) After stating the different rules enunciated by California Courts of Appeal with respect to inferences arising from possession of stolen property, the court, in *McFarland,* held: "The rule may be stated as

---

[1]Penal Code section 1118 provides in pertinent part: "In a case tried by the court without a jury, a jury having been waived, the court on motion of the defendant or on its own motion shall order the entry of a judgment of acquittal of one or more of the offenses charged in the accusatory pleading after the evidence of the prosecution has been closed if the court, upon weighing the evidence then before it, finds the defendant not guilty of such offense or offenses."

follows: Where recently stolen property is found in the conscious possession of a defendant who, upon being questioned by the police, gives a false explanation regarding his possession or remains silent under circumstances indicating a consciousness of guilt, an inference of guilt is permissible and it is for the jury to determine whether or not the inference should be drawn in the light of all the evidence." (P. 755) Furthermore: "If [defendant] . . . makes a statement by way of explanation which on its face raises a reasonable doubt as to guilt (for example, that he was not aware that the property was on his premises), the *burden with respect to the truth or falsity of his statement is not on him but on the prosecution, so that it cannot be treated as untrue unless the prosecution establishes falsity,* as by showing that it is not believable, in the light of the circumstances surrounding his possession." (P. 757) (Italics added.)

 Defendant states that he offered the same explanation of his possession to each and every police officer involved in the investigation.

It is the essence of defendant's position that the explanation he gave to the police was a reasonable explanation of his possession of the stolen car; that by reason thereof it became the obligation of the prosecution to produce other evidence to prove defendant's explanation false, or otherwise to show that defendant was guilty of the offense. To accept his argument it would be necessary to find that as a matter of law defendant's statements gave rise to a reasonable doubt.

The trial court, it is evident, did not believe that defendant's inconsistent and unsatisfactory statements to the police presented a reasonable explanation of defendant's possession of the stolen vehicle. If he had made no statement at all, a more serious problem would have faced the trial court. Thus, in *People* v. *Champion,* 265 Cal.App.2d 29, 32-33 [71 Cal.Rptr. 113], the court said: "The record in this case is completely silent with respect to the circumstances surrounding the arrest of defendants *in connection with the crimes charged.* As indicated in the statement of the facts, when the officer found defendant Henry sitting in the Pontiac automobile and defendant Champion nearby (shortly after both were observed in it), the police then knew nothing about its having been stolen. Champion's arrest on that occasion was not shown to be in any way connected with the theft of the automobile or with the burglary. The circumstances obviously did not call for him to explain his possession of the automobile."

In the case at bench defendant, in possession of the recently stolen car, stated he had borrowed it from a man whose name he did not know for the purpose of going to a liquor store at an hour when no such store legally could be open. But defendant made other inconsistent statements as to where he was coming from and where he was going, as detailed above.

While he said he could lead the officers to a house where he said he had been at a party, he did not say he could lead the police to the man said to have lent him the car.

It cannot be said as a matter of law that those statements upon their face give rise to a reasonable doubt as to guilt so as to meet the standard of *People* v. *McFarland, supra,* 58 Cal.2d 748, 756.

It should not be overlooked in that regard that at that stage of the proceedings the trial judge had not had the opportunity to observe the demeanor and manner of the defendant and his apparent candor or lack thereof.

Since the reasonable doubt is one to be raised in the mind of the trier of fact, it may be that the explanations of the defendant should be presented to him; and that the rule of *People* v. *McFarland, supra,* 58 Cal.2d 748, is not properly to be applied to the extrajudicial statements of a defendant. That question does not require an answer in the case at bench.

Since it remained within the area of factual determination whether defendant's stories presented a reasonably acceptable explanation, we must accord to the trial judge's determination that the motion for an acquittal be denied the presumption that he found defendant's stories did not give a reasonable explanation.

█ When there is no admissible evidence to connect defendant with the crime charged, the court is under legal compulsion to grant a motion for acquittal (*People* v. *Clark,* 62 Cal.2d 870, 881 [44 Cal.Rptr. 784, 402 P.2d 856]). There is no such compulsion where the evidence presented by the People is sufficient to sustain a conviction, when it is presumed that any permissible inference pointing toward guilt was made by the court and that every question of fact was resolved in favor of guilt.

█ The unlawful taking of the vehicle having been clearly established, only slight evidence was necessary to connect defendant in possession of the vehicle with the commission of the crime. Possession of the recently stolen property was not enough; but such possession and an explanation from defendant that did not invite reasonable acceptance, coupled with inconsistencies that tended to cast doubt upon the truth of his statements, are sufficient evidence to sustain a conviction. (*People* v. *Ford,* 234 Cal.App.2d 480, 495 [44 Cal.Rptr. 556]; *People* v. *Machabie,* 33 Cal.2d 67, 70 [198 P.2d 681]; *People* v. *Lumar,* 267 Cal.App.2d 900, 905 [73 Cal.Rptr. 682].)

The judgment is affirmed.

Brown (Gerald), P. J., and Coughlin, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 17, 1969.