[Crim. No. 19403. Second Dist., Div. Two. Dec. 22, 1971.]

THE PEOPLE, Plaintiff and Respondent, v.
PATRICK FRANCIS SORANNO, Defendant and Appellant.

## COUNSEL

Donald F. Roeschke, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, William E. James, Assistant Attorney General, and Barbara T. King, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**HERNDON, J.**—Appellant was charged in count I of the information with grand theft auto (Pen. Code, § 487, subd. 3), and in count II with taking and driving an automobile without the consent of the owner and with the intent to deprive the owner of title to and possession of the automobile (Veh. Code, § 10851). Three prior felony convictions were alleged.

Appellant personally and his counsel joined in waiving his right to a jury trial and his rights to confront and cross-examine witnesses. Pursuant to stipulation of counsel, to which appellant gave his personal approval, the People's case was submitted on the transcript of the preliminary hearing. The testimony of appellant and of one other witness was introduced by the defense.

The court acquitted appellant of the grand theft charge and found him guilty of the offense charged in the second count. Appealing from the judgment, appellant states his contentions as follows: "(1) There is insufficient evidence to sustain the judgment of conviction. (2) Whenever a case is submitted on the transcript of a preliminary hearing, the accused must be advised of his right to cross-examine his accuser, and in the absence of such advice and a waiver of said right, which must appear in the record, the judgment must be reversed."

### Summary Of The Evidence

At about 8:30 a.m. on December 15, 1969, Diane Reyes parked her "Sixty-six Super Sport Malibu" automobile, license number SVL-431. After work at 5:20 p.m. on the same day, she returned to the place where she had parked her automobile. It was gone. She did not know appellant, and had not given him permission to take her automobile.

On December 27, 1969, Sergeant James Wilson of the Los Angeles City Police Department was assigned to the traffic enforcement division.

At about 11:15 p.m. on that date he observed appellant make a U-turn causing two cars to brake and stop to avoid hitting him. Appellant was driving a 1966 model automobile matching the description given by Mrs. Reyes and bearing license number SVL-431.

Sergeant Wilson stopped appellant and asked him for his driver's license and his vehicle registration. Appellant produced his driver's license, but was unable to produce the vehicle registration. Appellant was placed under arrest when a "Want and registration check" revealed that the vehicle was stolen.

Charles Mauser, called by the defense, testified that appellant lived with him between approximately December 7 and 20 of 1969. He never saw appellant in possession of or driving a Chevrolet. On approximately December 27, 1969, Mr. Mauser saw appellant in the lobby of the El Rey Hotel.

Appellant testified that he did not go to downtown Los Angeles on December 15, 1969, and that he did not drive a motor vehicle out of a parking lot on that day. He further testified that on December 26, 1969, he met a man named Don whom he had known for three and a half years while he was serving a sentence in San Quentin prison; that on December 27, 1969, Don gave him the keys to the car he was driving when arrested; and that he was going to get some fried chicken when he was arrested.

On cross-examination appellant answered questions as follows: "Q. Didn't you tell the officers that it was a fellow named John whom you knew in San Quentin? A. I may have said that, yes. Q. Was it Don or John? A. Don. Q. Why did you say John? A. I may have been nervous. . . . Q. Now, didn't you also tell the police that you got the car from John and you went out for sandwiches? A. I was going for chicken."

### Sufficiency of the Evidence

█ Appellant's contention that the evidence is insufficient to sustain his conviction is so obviously untenable that it deserves nothing more than summary rejection. His possession of the stolen vehicle, his own inherently implausible testimony and his unsatisfactory explanation provided more than adequate support for the judgment.

In *People* v. *Brown*, 1 Cal.App.3d 161 [81 Cal.Rptr. 401], the court was presented with the same argument that appellant advances here. The court in *Brown*, after reviewing the leading case of *People* v. *McFarland*, 58 Cal.2d 748 [26 Cal.Rptr. 473, 376 P.2d 449], stated at page 165: "It is the essence of defendant's position that the explanation he gave to the

police was a reasonable explanation of his possession of the stolen car; that by reason thereof it became the obligation of the prosecution to produce other evidence to prove defendant's explanation false, or otherwise to show that defendant was guilty of the offense. To accept his argument *it would be necessary to find that as a matter of law defendant's statements gave rise to a reasonable doubt.*" (Italics added.)

The trial judge had the opportunity to observe the demeanor and manner of appellant and his apparent candor or lack thereof. After hearing the argument of counsel, the court made the following very appropriate comment: "I don't believe your chicken story and if somehow we could find the man who is either usually Joe, sometimes Don, sometimes John, we could solve about every car theft that ever occurred in the County of Los Angeles. . . . I am satisfied without question and beyond a reasonable doubt that you intended to keep the car and deprive the owner, at least for a period of time, of that car knowing full well that the car was stolen."

"The unlawful taking of the vehicle having been clearly established, only slight evidence was necessary to connect defendant in possession of the vehicle with the commission of the crime. Possession of the recently stolen property was not enough; but such possession and an explanation from defendant that did not invite reasonable acceptance, coupled with inconsistencies that tended to cast doubt upon the truth of his statements, are sufficient evidence to sustain a conviction. [Citations.]" (*People* v. *Brown, supra,* 1 Cal.App.3d at p. 166.)

Appellant's possession of the stolen Chevrolet and his self-contradictions concerning the name of the man who assertedly had loaned him the car —a person he had known for three and a half years in prison but whose last name he did not know—coupled with his other incredible testimony provide more than sufficient support for his conviction.

*The Stipulation That the People's Case*
*Would Be Submitted on the Transcript*
*of the Preliminary Hearing Was Not*
*Tantamount to a Plea of Guilty.*

██ Appellant contends that the judgment must be reversed because the reporter's transcript does not affirmatively show that he was advised of his right to confront and cross-examine his accusers. This contention must be rejected for at least two reasons.

In the first place, the minutes of the trial court contained in the clerk's transcript state in clear and definite terms that "The defendant personally and all counsel waive jury trial, cross-examination and confrontation of

witnesses." The minutes also recite the stipulation of counsel and of defendant personally to the submission of the cause on the testimony contained in the transcript of the preliminary hearing "with each side reserving the right to offer additional evidence."

In the second place, the fact that appellant took the stand, testified to his innocence, and then called another witness in a weak and futile attempt to establish an alibi, demonstrates the absurdity of the contention that the partial submission on the preliminary hearing transcript was tantamount to a plea of guilty.

The record clearly shows that both the People and appellant intended to proceed by way of a partial submission in the manner indicated therein. In these circumstances, the clerk's transcript is the controlling record. (*People* v. *Prochnau,* 251 Cal.App.2d 22, 24-25 [59 Cal.Rptr. 265].) The first and only challenge to the accuracy of this record is the unsupported assertion in appellant's brief.

In any event, even if there were no record of appellant's personal joinder in the waiving of his rights to confront and cross-examine the witnesses against him, the result would be the same. Since the procedures followed in this case involved nothing even remotely resembling a plea of guilty, the procedural requirements of *Boykin* v. *Alabama,* 395 U.S. 238 [23 L.Ed.2d 274, 89 S.Ct. 1709]; *In re Tahl,* 1 Cal.3d 122 [81 Cal.Rptr. 577, 460 P.2d 449]; and *In re Mosley,* 1 Cal.3d 913 [83 Cal.Rptr. 809, 464 P.2d 473], were wholly inapplicable.

The court in *In re Mosley, supra,* 1 Cal.3d 913, 924, made it quite clear that the rights of a defendant to confront and cross-examine his accusers may "be waived *in part by counsel without the consent of the accused,* as when counsel makes a 'tactical decision' not to cross-examine a particular witness or not to place the accused on the stand." (Italics by the court.)

In *Mosley,* the court stated that the submission of "the case on the transcript of the preliminary examination was, in the circumstances of this particular case,[9] tantamount to a plea of guilty and was a purported waiver of the whole panoply of rights to which we have adverted." (Pp. 924-925.) Footnote 9 reads as follows: "Reference to the facts of the particular case is necessary. We can conceive of many cases wherein submission on the transcript of the preliminary examination would in no way have the practical effect of a guilty plea. . . ." (P. 924.)

It is apparent from a reading of the record that appellant's trial counsel had good reason for his "tactical decision" to stipulate to the partial submission on the transcript of the preliminary hearing and to waive any

further cross-examination of the People's witnesses. By the same token, appellant made no mistake in giving his personal approval to the stipulation.

The judgment is affirmed.

Roth, P. J., and Fleming, J., concurred.