**UNITED STATES of America, Plaintiff,**

v.

**ONE FORD MUSTANG 1971 MACH I, M/S NO. 1FO5M126266, LICENSE NO. 363, CPT, its tools and appurtenances, Defendant.**

**Civ. No. 72–1491–AAH.**

United States District Court, C. D. California.

Feb. 12, 1973.

William D. Keller, U. S. Atty. by Rex Hesseman, Asst. U. S. Atty., for plaintiff.

Helen O. Roberson, *in pro. per.*

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

HAUK, District Judge.

After having conducted a court trial with respect to Action Number 72–1491–AAH on Monday, January 22, 1973, the Court having considered the testimony offered therein, as well as the pleadings, memoranda of points and authorities, affidavits, and other documents, and the Court being fully advised in the premises, now makes its findings of fact and conclusions of law, as follows:

### FINDINGS OF FACT

1. Plaintiff, United States of America, has brought this action for forfeiture of Defendant automobile under 28 U.S.C. Sec. 1345 [1] claiming jurisdiction in this Court as a party plaintiff, and under 49 U.S.C. §§ 781–788 [2] claiming the right to

---

1. § 1345. *United States as plaintiff*

Except as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress. June 25, 1948, c. 646, 62 Stat. 933.

28 U.S.C. Sec. 1345

2. § 781. *Unlawful use of vessels, vehicles, and aircrafts; contraband article defined*

(a) It shall be unlawful (1) to transport, carry, or convey any contraband article in, upon, or by means of any vessel, vehicle, or aircraft; (2) to conceal or possess any contraband article in or upon any vessel, vehicle, or aircraft, or upon the person of anyone in or upon any vessel, vehicle, or aircraft; or (3) to use any vessel, vehicle, or aircraft to facili-

tate the transportation, carriage, conveyance, concealment, receipt, possession, purchase, sale, barter, exchange, or giving away of any contraband article.

(b) As used in this section, the term "contraband article" means—

(1) Any narcotic drug which has been or is possessed with intent to sell or offer for sale in violation of any laws or regulations of the United States dealing therewith; or which has been acquired or is possessed, sold, transferred, or offered for sale, in violation of any laws of the United States dealing therewith; or which has been acquired by theft, robbery, or burglary and carried or transported within any Territory, possession, or the District of Columbia, or from any State, Territory, possession, the District of Columbia, or the Canal Zone, to another State, Territory, possession, the District of Columbia, or the Canal Zone; or which does

not bear appropriate tax-paid internal-revenue stamps as required by law or regulations;

(2) Any firearm, with respect to which there has been committed any violation of any provision of the National Firearms Act or any regulation issued pursuant thereto; or

(3) Any falsely made, forged, altered, or counterfeit coin or obligation or other security of the United States or of any foreign government; or any material or apparatus, or paraphernalia fitted or intended to be used, or which shall have been used, in the making of any such falsely made, forged, altered, or counterfeit coin or obligation or other security. Aug. 9, 1939, c. 618, § 1, 53 Stat. 1291; Aug. 9, 1950, c. 655, 64 Stat. 427.

§ 782. *Seizure and forfeiture*

Any vessel, vehicle, or aircraft which has been or is being used in violation of any provision of section 781 of this title, or in, upon, or by means of which any violation of said section has taken or is taking place, shall be seized and forfeited: *Provided,* That no vessel, vehicle, or aircraft used by any person as a common carrier in the transaction of business as such common carrier shall be forfeited under the provisions of this chapter unless it shall appear that (1) in the case of a railway car or engine, the owner, or (2) in the case of any other such vessel, vehicle, or aircraft, the owner or the master of such vessel or the owner or conductor, driver, pilot, or other person in charge of such vehicle or aircraft was at the time of the alleged illegal act a consenting party or privy thereto: *Provided further, That no vessel, vehicle, or aircraft shall be forfeited under the provisions of this chapter by reason of any act or omission established by the owner thereof to have been committed or omitted by any person other than such owner while such vessel, vehicle, or aircraft was unlawfully in the possession of a person who acquired possession thereof in violation of the criminal laws of the United States, or of any State.* Aug. 9, 1939, c. 618, § 2, 53 Stat. 1291.

§ 783. *Designation of officers by Secretary of Treasury; duties of officers*

The Secretary of the Treasury is empowered to authorize, or designate, officers, agents, or other persons to carry out the provisions of this chapter. It shall be the duty of any officer, agent, or other person so authorized or designated, or authorized by law, whenever he shall discover any vessel, vehicle, or aircraft which has been or is being used in violation of any of the provisions of this chapter, or in, upon, or by means of which any violation of this chapter has taken or is taking place, to seize such vessel, vehicle, or aircraft and to place it in the custody of such person as may be authorized or designated for that purpose by the Secretary of the Treasury, to await disposition pursuant to the provisions of this chapter and any regulations issued hereunder. Aug. 9, 1939, c. 618, § 3, 53 Stat. 1292.

§ 784. *Application of related laws*

All provisions of law relating to the seizure, summary and judicial forfeiture, and condemnation of vessels and vehicles for violation of the customs laws; the disposition of such vessels and vehicles or the proceeds from the sale thereof; the remission or mitigation of such forfeitures; and the compromise of claims and the award of compensation to informers in respect of such forfeitures shall apply to seizures and forfeitures incurred, or alleged to have been incurred, under the provisions of this chapter, insofar as applicable and not inconsistent with the provisions hereof: *Provided,* That such duties as are imposed upon the collector of customs or any other person with respect to the seizure and forfeiture of vessels and vehicles under the customs laws shall be performed with respect to seizures and forfeitures of vessels, vehicles, and aircraft under this chapter by such officers, agents, or other persons as may be authorized or designated for that purpose by the Secretary of the Treasury. Aug. 9, 1939, c. 618, § 4, 53 Stat. 1292.

§ 785. *Availability of appropriations*

Any appropriation which has been or shall hereafter be made for the enforcement of the customs, narcotics, counterfeiting, or internal-revenue laws, and the provisions of the National Firearms Act shall be available for the defraying of expenses of carrying out the provisions of this chapter. Aug. 9, 1939, c. 618, § 5, 53 Stat. 1292.

§ 786. *Construction with other laws*

The provisions of this chapter shall be construed to be supplemental to, and not to impair in any way, existing provisions of law imposing fines, penalties, or forfeitures; or providing for the seizure, condemnation, or disposition of forfeited property or the proceeds thereof; or authorizing the remission or mitigation of fines, penalties, or forfeitures. Aug. 9, 1939, c. 618, § 6, 553 Stat. 1292.

§ 787. *Definitions*

When used in this chapter—

(a) The term "vessel" includes every description of watercraft or other contrivance used, or capable of being used,

seize and forfeit the automobile because it had been used by one Manzell Naisheck to facilitate transportation and sale of heroin, a narcotic drug, and contraband article within the meaning of 49 U.S.C. § 781, subjecting it to seizure and forfeiture under 49 U.S.C. § 782.

2. Defendant in this case is the 1971 Ford Mustang Mach I, California License Number 363 CPT, M/S Number 1FO5M-126266, which was seized by Federal Narcotics Agents on December 9, 1971 and stored in the General Services Administration, but which is owned by the Claimant Helen O. Roberson, an indigent Black lady appearing *in propria persona*.

3. Claimant Helen O. Roberson is separated from her husband but still married to him. She is living alone in a house rented from Manzell Naisheck, located at 3123 W. 59th Place, Los Angeles, California, 90043.

4. Claimant admits to two prior occasions when Naisheck drove the 1971 Ford Mustang. These instances were to take the claimant and her daughter to a movie. Naisheck each time drove the vehicle with the owner's permission, and by using the extra key which she had given him when she first bought the car for safekeeping in order to avoid problems that might arise from locking it accidentally inside the car.

5. On the night of December 9, 1971, Claimant returned to the house from her school as usual about 4:30 p. m., parked the vehicle on the street in front and locked it.

6. Later that evening, Naisheck took the vehicle from the front of the house without the express or implied permission or consent of the owner. In fact she did not even know that he had taken it until informed by the authorities after his arrest. Naisheck obviously used the vehicle to facilitate the transportation and sale of heroin, but just as obviously he took it without her permission or consent and without her knowledge. Then, when Naisheck was arrested with heroin in the car, the Defendant Ford Mustang Mach I was seized by agents of the Bureau of Narcotics and Dangerous Drugs, Los Angeles, California. The car now is stored and located at the General Services Administration Storage Center, 5555 Eastern Avenue, Bell, California. Its appraised value is $3,500.

CONCLUSIONS OF LAW

1. The Court has jurisdiction over the parties and the cause of action alleged. 28 U.S.C. Section 1345, *supra* note 1.

2. Claimant has established beyond any reasonable doubt, and certainly by a clear preponderance of the evidence, which is all that is necessary in a civil case, that the Defendant Ford Mustang Mach I was on the evening of December 9, 1971, unlawfully in the possession of Manzell Naisheck, who acquired possession thereof in violation of the laws of the State of California.

Note 2—Continued

as means of transportation in water, but does not include aircraft;

(b) The term "vehicle" includes every description of carriage or other contrivance used, or capable of being used, as means of transportation on, below, or above the land, but does not include aircraft;

(c) The term "aircraft" includes every description of craft or carriage or other contrivance used, or capable of being used, as means of transportation through the air;

(d) The term "narcotic drug" means any narcotic drug, as now or hereafter defined by the Narcotic Drugs Import and Export Act, the internal-revenue laws, or the regulations issued thereunder; or marihuana as now or hereafter defined by the Marihuana Tax Act of 1937 or the regulations issued thereunder;

(e) The term "firearm" means any firearm, as now or hereafter defined by the National Firearms Act or the regulations issued thereunder; and

(f) The words "obligation or other security of the United States" are used as now or hereafter defined in section 8 of Title 18. Aug. 9, 1939, c. 618, § 7, 53 Stat. 1292; Oct. 31, 1951, c. 655, § 55(b), 65 Stat. 729.

§ 788. *Rules and regulations*

The Secretary of the Treasury shall prescribe such rules and regulations as may be necessary to carry out the provisions of this chapter. Aug. 9, 1939, c. 618, § 8, 53 Stat. 1293.

3. Any forfeiture, therefore, would be in violation of 49 U.S.C. Section 782[3] since Naisheck's acquisition of possession without the permission of the owner-Claimant was in violation of Section 499b of the California Penal Code.[4] The possession further was without the owner-Claimant's consent within the scope of Section 10851 of the California Vehicle Code,[5] which provides that the "consent of the owner of a vehicle to its taking or driving shall not in any case be presumed or implied because of such owner's consent on a previous occasion to the taking or driving of the vehicle by the same or a different person."

■ 4. We agree with the cases cited by the Government-Plaintiff, to the effect that the burden of proof is upon the owner-Claimant—United States v. Andrade, 181 F.2d 42, 45–46 (9th Cir. 1950) and United States v. Bride, 308 F.2d 470, 473–474 (9th Cir. 1962) and United States v. One 1962 Ford Galaxie Sedan, 236 F.Supp. 529, 531 (S.D.Cal. 1964, our esteemed Chief Judge Stephens writing). But, as we have demonstrated, the Claimant-owner here, Mrs. Roberson, has more than carried that burden. People v. Brown, 1 Cal.App.3d 161, 164, 81 Cal.Rptr. 401 (4th Dist., Div. One 1969) relating to P.C. Section 499b and other felonious takings of automobiles, and People v. Zervas, 61 Cal.App.2d 381, 142 P.2d 946 (1st Dist., Div. One) covering the "joyriding" statute, V.C. Section 10851.

5. Accordingly, Claimant-Owner, Helen O. Roberson, is entitled to the recovery of the Defendant Ford Mustang Mach I, California License No. 363 CPT, M/S Number 1FO5M126266, its tools and appurtenances, and to the immediate ownership, title, possession, and custody of the said Defendant automobile.

Let judgment be entered accordingly and forthwith.

---

3. Id. see last sentence of section 782.

4. § 499b. *Vehicle; taking for temporary use; punishment*

Any person who shall, without the permission of the owner thereof, take any automobile, bicycle, motorcycle, or other vehicle or motorboat or vessel, for the purpose of temporarily using or operating the same, shall be deemed guilty of a misdemeanor, and upon conviction thereof, shall be punished by a fine not exceeding two hundred dollars ($200), or by imprisonment not exceeding three months, or by both such fine and imprisonment.

(Added by Stats.1905, c. 190, p. 185, § 1. Amended by Stats.1935, c. 387, p. 1337, § 1; Stats.1949, c. 625, p. 1123, § 1; Stats.1965, c. 1354, p. 3249, § 1.)
Cal.Penal Code Sec. 499b

5. § 10851. *Theft and unlawful driving or taking of a vehicle*

Any person who drives or takes a vehicle not his own, without the consent of the owner thereof, and with intent either permanently or temporarily to deprive the owner thereof of his title to or possession of the vehicle, whether with or without intent to steal the same, or any person who is a party or accessory to or an accomplice in the driving or unauthorized taking or stealing is guilty of a public offense, and upon conviction thereof shall be punished by imprisonment in the state prison for not less than one year nor more than five years or in the county jail for not more than one year or by a fine of not more than five thousand dollars ($5,000) or by both such fine and imprisonment. The consent of the owner of a vehicle to its taking or driving shall not in any case be presumed or implied because of such owner's consent on a previous occasion to the taking or driving of the vehicle by the same or a different person.

(Stats.1959, c. 3, p. 1597, § 10851. Amended by Stats.1967, c. 1110, p. 2756, § 6.)

Cal.Veh.Code Sec. 10851